## SCOTT *vs.* THE STATE.

[INDICTMENT AGAINST SLAVE FOR HOMICIDE OF WHITE PERSON.]

1. *Sufficiency of clerk's certificate to transcript, on change of venue.*—On change of venue in a criminal case, if the clerk's certificate, appended to the transcript, states that it "contains a true and complete tran script of the caption of the grand jury, and a copy of the indictment with the endorsements thereon, together with the recognizances o the witnesses, and all the orders and judgments had in the case, all of which is as full and complete as the same appears of record,"—this is a substantial compliance with the requirements of the statute (Code, § 3613.)

2. *Service of copy of indictment on prisoner.*—If a copy of the indict-ment, as originally found by the grand jury, is served upon the pris-oner while in confinement, (Code, § 3576,) the validity of the service is not affected by the fact that a *nolle-prosequi* had been entered as to one of the counts.

3. *Charge to jury as to construction and effect of other charges.*—Where the court, after having charged the jury orally, gave several charges in writing at the request of the defendant, and then added, "that the jury would receive the written charges, in connection with the charges and law as given and expounded orally from the bench, as the law of the case,"—*held*, that this was not erroneous.

4. *Homicide of white person by slave; charge to jury, as to constituents of offense.*—On the trial of a slave, under an indictment for the murder or voluntary manslaughter of a white person, a charge to the jury asserting that, "if they believed the defendant struck the deceased with no expectation or intention to kill him, and the stroke did kill him, the death was accidental, and the defendant should be ac-quitted,"—is erroneous, since it assumes that the defendant would be entitled to an acquittal, although the blow was given with the inten-tion to do great bodily harm.

5. *Sufficiency of verdict.*—Under an indictment against a slave, charging him, in separate counts, with the murder and voluntary manslaughter of a white person, a general verdict of guilty is sufficient to authorize a judgment and sentence of death.

From the Circuit Court of Dallas, on change of venue from Wilcox.

Tried before the Hon. PORTER KING.

THE indictment in this case was found by the grand jury of Wilcox county, and originally contained three counts : the first charging the prisoner, who was a slave

with the murder of James Wilkinson, a white person, by striking him with a stick or piece of wood; the second charging that the killing was done "unlawfully, but without malice"; and the third, that it was done "unlawfully, but without malice, or the intention to kill." A *nolle-prosequi* was entered as to the third count, and the venue was afterwards changed, on the application of the prisoner, to Dallas county. On the trial, as the bill of exceptions states, "the prisoner objected to being tried on the transcript of the record from the circuit court of Wilcox, because of the insufficiency of the clerk's certificate to the said transcript; which objection the court overruled, and the prisoner excepted." The certificate is in the following words:

"State of Alabama, Wilcox county. I, C. C. Sellers, clerk of the circuit court of Wilcox county, State of Alabama, do hereby certify, that the foregoing pages, numbered from one to four, contain a true and complete transcript of the caption of the grand jury, and a copy of the indictment, with the endorsements thereon, together with the recognizance of the witnesses, and all the orders and judgments had in the case of the State against Scott, a slave, together with a bill of the costs; all of which is as full and complete as the same appears of record or on file in my office. Given under my hand and seal of office," &c.

The prisoner then objected to being tried, "because the paper which had been served upon him, while he was confined in jail, as a copy of the indictment, was not a correct copy of the same; and produced to the court the paper which had been so served on him," which was a correct copy of the original indictment, including the count as to which a *nolle-prosequi* had been entered before the change of venue. The court overruled the objection, and the prisoner excepted.

The circumstances connected with the killing, as proved on the trial, were substantially these: On the night of the 19th January, 1860, the prisoner was caught by a patrol-

ling party, of whom the deceased was one, in the town of Camden, about a half-mile from his master's house, without a pass ; and the deceased, under the direction of the captain of the patrol, inflicted on him a light whipping.   On the next morning, while the deceased, in company with two other white persons, was going through the suburbs of the town, he passed the prisoner, who immediately accosted him in a rude and insolent manner, and followed the party into the town, talking in a loud and insolent tone to the deceased.  "The deceased told him to go away and let him alone, and threw a chip at him, but did not hit him.   The defendant continued to talk angrily to the deceased, saying, ' I don't see what business school-boys have to patrol, any way ; ' and the deceased threw at him a piece of a wagon-felloe, some three inches long, and then a piece of a buggy-shaft, with a [part] of the cross-bar attached, but did not hit him.   One Ratcliffe, who was at work in his carriage-shop as they passed, and who was attracted to the door of his shop by the loud and angry talking, threw or handed to the deceased a buggy-whip, of medium size, and told him to take it and whip the defendant.   The defendant seized upon the piece of buggy-shaft which the deceased had thrown at him, and he and the deceased mutually started towards each other, (being then some twelve or fifteen steps apart,) and met about half-way ; and the deceased then struck the defendant around the body with the whip, and the defendant struck him on the left forehead with the buggy-shaft."   From the effects of this blow the deceased died, on the second day afterwards.

"After the court had charged the jury orally, the defendant asked the court to give six charges in writing, which charges the court also gave, and then stated to the jury, that they would receive the written charges, in connection with the charges and law as given and expounded orally from the bench, as the law of the case ; to which statement, so made by the court, the defendant excepted."

"The defendant asked the court, in writing, to charge

the jury, 'that if they believed the defendant struck the deceased with no expectation or intention to kill him, and the stroke did kill him, the death was accidental, and the defendant should be acquitted;' which charge the court refused to give, and the defendant excepted."

The jury returned a verdict of "guilty of murder, in manner and form as charged in the indictment;" and the court thereupon pronounced sentence of death upon the prisoner.

GEORGE W. GAYLE, for the prisoner.—1. The certificate of the clerk, appended to the transcript, does not state that it contains "the order for the removal of the trial," nor that it contains "all the entries relating" to the indictment. —Code, § 3613; Brister's case, 26 Ala. 126.

2. The paper served on the prisoner was not a copy of the indictment on which he was to be tried, since it contained the count as to which a nolle-prosequi had been entered. The unauthorized addition of a count makes as material a difference as would the omission of a count. In the one case, a conviction might be had upon a count which the prisoner had never seen; and in the other, upon a count which was void. If the paper served on the prisoner be held a copy of the indictment on which he was tried, then it must follow that he was tried, and probably convicted, on the third count; indeed, there is nothing in the record to repel this conclusion.

3. The court erred in the statement voluntarily made to the jury after giving the charges asked by the prisoner. If the charges asked were correct, it was the duty of the court to give them in the language in which they were asked.—Code, § 2355. If they were incorrect, or in conflict with the oral charge, they ought not to have been given. The statement of the court could only be understood by the jury as an intimation that they must be governed by the oral charge, and that the other charges were given merely to save an exception.—Spivey v. The State, 26 Ala. 90.

4. The charge asked and refused, ought to have been given. It was obviously intended to withdraw from the jury the consideration of the third count. Moreover, it asserts a correct legal proposition. No one but the master has a right to punish or strike a slave. Words do not justify an assault. The deceased unlawfully assaulted the prisoner, and the latter had the right to resist and protect himself. If the stroke was given without any "expectation or intention to kill," the defendant could not be convicted of murder, voluntary manslaughter, or involuntary manslaughter in the commission of an unlawful act.

5. The general verdict was erroneous, and did not authorize the sentence pronounced. The two counts in the indictment charge different offenses, or, at least, one offense with essential differences. The offense is alleged to have been committed "with malice," and yet "without malice;" and the verdict finds this impossibility to be true. The finding is contradictory, confused, false, and uncertain.— *State v. Givens*, 5 Ala. 760 ; *State v. Cochran*, 30 Ala. 542 ; 6 Ohio, 400 ; 4 Gill, 490.

M. A. BALDWIN, Attorney General, *contra.*—1. The clerk's certificate is a substantial compliance with the statute.

2. The copy of the indictment, served on the prisoner, was an exact copy of the original ; and he could not possibly have been injured by the insertion of the third count.

3. The oral charge of the court, not being set out in the bill of exceptions, must be presumed to have been consistent with the written charges which were given ; and it was the duty of the jury, without any express instruction from the court, to consider them together "as the law of the case." Moreover, it is the right and duty of the court to give explanatory charges.—*Morris v. State*, 25 Ala. 57.

4. The charge refused was manifestly erroneous, in assuming that, if the blow was given with the intention to do great bodily harm, the defendant was entitled to an acquittal.

R. W. WALKER, J.—The certificate of the clerk, at-tached to the transcript from the circuit court of Wilcox county, was a substantial compliance with the require-ments of section 3613 of the Code ; and, as the only ob-jection made to the transcript, was because of the insuffi-ciency of the *certificate*, the court did not err in over-ruling it.

[2.] The copy of the indictment served on the defend-ant, was a copy of the indictment as found by the grand jury ; and that, we think, was sufficient, although the solicitor had entered a *nolle-prosequi* as to one of the counts.

[3.] If, after the court has charged the jury orally, ad-ditional charges are given in writing at the request of either party, it is certainly true that the jury are to con-sider the written, in connection with the oral charges, as constituting the law of the case. This was all that the court said to the jury in the present case, and we do not see how the remark could have prejudiced the de-fendant.

[4.] The last charge asked, was properly refused. If the blow was given with the intention not to kill, but to do great bodily harm, and death ensued, it by no means follows, that the defendant was entitled to an acquittal. Yet the charge asked by the defendant, declares that, in the case supposed, it would be the duty of the jury to acquit.

[5.] Under our code, murder, when committed by a slave, and the voluntary manslaughter of a white person by a slave, are subjected to the same punishment.—Code, § 3312. The first and second counts of the indictment in this case allege the killing of the same person, and ob-viously refer to the same act, charging it in different ways, so as to meet the different aspects in which it might be presented by the evidence. It is very clear that, where both counts of the indictment refer to a single transaction, and the punishment prescribed is the same in the one case as the other, a general verdict of guilty is not improper.—

11 Archb. Crim. Pl. 175–6.; *Hudson v. State*, 1 Blackf. 319 ; *U. States v. Pirates*, 5 Wheat. 184.; *Mays v. State*, 30 Ala. : 323.

Judgment affirmed.

