## Pairo v. The State.

### Indictment for Burglary.

1. *Burglary; sufficiency of indictment.* — In an indictment for burglary (Rev. Code, § 3695), an averment that the defendant broke and entered, &c., " with intent to set fire to or burn the store" of A. B., is insufficient on demurrer; the averment should be, that he broke and entered " with intent *wilfully* to set fire," &c.

2. *Reversal for error in overruling demurrer to defective count, in indictment containing good counts, after general verdict of guilty.* — The overruling of a demurrer to a defective count in an indictment is an error for which the judgment of conviction will be reversed, although the indictment also contained several good counts, and there was a general verdict of guilty.

3. *Caption of indictment.* — The caption of an indictment is equally applicable to each count, and is not struck out when a demurrer is sustained to the first count.

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The indictment in this case contained six counts; the first averring that the defendant " broke and entered a store or building of Kilshaw Irwin," &c., " with intent to commit a felony;" the second, that he broke and entered said store " with intent wilfully to set fire to or burn the said store;" the third, that he broke and entered a store or building of Jonathan Emanuel, " with intent wilfully to set fire to or burn said store;" the fourth, that he broke into and entered a store, the property of Gideon M. Parker, " with intent wilfully to set fire to or burn the said store;" the fifth, that he broke into and entered the store or building of Kilshaw Irwin, " with intent to wilfully set fire to or burn the store of Gideon M. Parker;" and the sixth was in these words: " And the jurors aforesaid do further charge that Samuel H. Pairo, before the finding of this indictment, in the night-time, broke into and entered a building, the property of Jonathan Emanuel, then and there in possession of Kilshaw Irwin; in which building there was kept at the time, for use, sale, or deposit, goods, merchandise, or other valuable things, and which build-

[Pairo *v.* State.]

ing, with the property therein contained, was of the value of five hundred dollars or more ; with intent to set fire to or burn the store of Gideon M. Parker, which said store was in said building of Jonathan Emanuel, and, with the property therein contained, was at the time of the value of five hundred dollars or more ; against the peace," &c. The defendant demurred to the first count in the indictment, " because it does not allege what particular felony the defendant intended to commit at the time it is alleged he broke into and entered the store ; " and to the sixth, " for duplicity, and uncertainty, and other reasons." The court sustained the demurrer to the first count, but overruled it as to the sixth : to which the defendant excepted.

" The defendant then demurred to the indictment (the said first count having been quashed), and objected to its being read before the jury, on the ground that the first count, the demurrer to it having been sustained, was to be treated as if it had never been filed, and the indictment as it remained was imperfect and bad on its face, in not showing that a grand jury of Mobile County had ever preferred said indictment." The court overruled the said demurrer and objection, and allowed the indictment to be read to the jury ; to which the defendant also reserved an exception. Many other exceptions were reserved during the trial, but they require no particular notice.

Rice, Jones & Wiley and J. P. Southworth, for the prisoner.

Ben. Gardner, Attorney General (with whom were D. C. Anderson and R. & O. J. Semmes), *contra.*

PETERS, J. — It is not necessary to go at large into all the exceptions taken in the course of the trial in the City Court. The judgment of conviction must be reversed, and the cause must be remanded for a new trial, on account of the overruling of the demurrer to the sixth count in the indictment. The demurrer to that count should have been sustained. There are several ways in which, under our statute, burglary may be committed. To follow the language of the statute : 1. Any person who, in the night or daytime, breaks into and enters a dwelling-house, or any building within the curtilage of the dwelling-house, though not forming a part thereof, " *with intent to steal,*" is guilty of burglary. 2. So, also, such person is guilty of burglary, if he in like manner breaks and enters a dwelling-house, or building within the curtilage of the dwelling-house, though not forming a part thereof, *" with intent to commit a felony."* 3. So, also, if he breaks and enters into

[*Pairo v. State.*]

any shop, store, warehouse, or other building, in which any goods, merchandise, or other valuable thing is kept for use, sale, or deposit, "*with intent to steal;*" this is burglary. 4. So, likewise, if one breaks and enters, in the manner named in the statute, any one of the places last above mentioned, "*with intent to commit a felony;*" this, also, is burglary. Revised Code, § 3695. The indictment should allege a sufficient description of the house broke and entered into, and of the intent with which the same was so broken and entered. If the intent was to commit a felony, the felony should be sufficiently described, so as to apprise the defendant what he must come to defend. In this case, the sixth count in the indictment does not set out the felony by name, but only by description, and this description is insufficient. It is evidently intended for arson in the second degree. Revised Code, § 3698. But, in this offence, the act of setting fire to, or burning the house, must be *wilfully* done. The sixth count ought to have alleged the intent as in the other counts still left standing; that is, " with the intent wilfully to set fire to or burn," &c. This would have completed the description of the offence as given in the statute. This is a fatal defect.

2. The verdict is general. It applies as much to the sixth count as to any of the others; and the conviction might have been solely on this count. It cannot be said, then, that this is error without injury to the accused. He was forced to take issue on a defective count in the indictment; and it may have been that the evidence offered under this count secured his conviction. He was entitled to the benefit of his demurrer, although there may have been other good counts in the indictment. This is not such a case as that in which the defendant pleads to all the counts in the indictment, and seeks to avail himself of his omission to demur by motion in arrest of judgment after conviction. 1 Brickell's Digest, pp. 500, 501, §§ 761, 762, 763. These authorities do not apply to such a case as this. A different construction of the law would in effect deprive the accused of the right to demur, when there was more than one count in the indictment.

3. Indictments under the Code do not make the caption a part of the count. It is a general statement of the name of the state, the county, the court, and the term, in and at which the indictment was found. Revised Code, § 4111. This statement is applicable to each count in the indictment, and is not to be stricken out on demurrer sustained to the first count, if that should be bad.

The judgment of the court below is reversed, and the cause is remanded for a new trial. The defendant, said Samue H. Pairo, will be detained in custody until discharged by due course of law.