# Holcombe *v.* The State.

### *Indictment for Petit Larceny.*

1. *When parties tenants in common.*—A contract between two parties. farming together, by the terms of which one was to furnish the lands and stock and the other the labor, to make the crop, and the crop, when made, was to be divided between them, constituted the parties thereto tenants in common of the crops raised by them under the contract.

2. *Sections 3474 and 3475 of the Code construed.*—Sections 3474 and 3475 of the Code did not totally abrogate or abolish the relation of tenants in common in the cases coming within their influence, but only modified it so as to give to each tenant in common a lien on the share of the other in the crops jointly raised, with the remedy of enforcing it by attachment. *Collier & Son v. Faulk & Martin, ante*, 58, referred to and re-affirmed on this point.

3. *Larceny ; at common law, tenant in common can not be guilty of, as to joint property.*—At common law a joint owner or tenant in common of personal property, can not be guilty of larceny, by taking or appropriating to his own use the whole or any part of the joint property, however fraudulent or felonious in fact may be his intent, unless he take it from the custody of a bailee with intent to charge the latter with a pecuniary liability.

4. *Section 4355 of the Code construed.*—Under an indictment for larceny a tenant in common can not be convicted of the offense of having fraudulently converted to his own use the undivided interest of his co-tenant, although, under the provisions of § 4355 of the Code, one guilty of such an offense is punishable as if he had stolen the property so converted.

APPEAL from Russell Circuit Court.

Tried before Hon. H. D. CLAYTON.

At the fall term, 1881, of said court, the appellant was indicted for the larceny of "six hundred and seventy-five pounds of seed cotton, of the value of twenty dollars, the personal property of John D. McMakin;" and at the same term he was tried and convicted therefor. On the trial the evidence showed, that the cotton alleged to have been stolen, was raised during the year, 1881, by the appellant, McMakin and one Gwinn, under a contract between them, by the terms of which they were to farm together during that year, McMakin was to furnish the land and stock and the appellant and Gwinn were to furnish

the labor to make the crop, and of the crop raised McMakin was to have one-half, and the appellant and Gwinn were to have the other half. The evidence also tended to show that the appellant took and carried away the cotton from the joint or common possession of the parties to said contract, and with a felonious intent,—"the only question before the court and proposed to be raised," as recited in the bill of exceptions, "being, whether considering the relation the defendant bore to the title to the cotton, he could commit larceny by wrongfully taking it." The appellant asked the court in writing to charge the jury that if they believed the evidence they must find him not guilty, which charge the court refused to give, and he excepted ; and, upon conviction, appealed to this court.

L. W. MARTIN, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—At common law, a joint owner, or tenant in common of personal property can not be guilty of larceny, by taking or appropriating to his own use the whole or any part of the joint property, however fraudulent or felonious in fact may be his intent, unless he take it from the custody of a bailee, with intent to charge the latter with a pecuniary liability.—*Kirksey v. Fike*, 29 Ala. 206 ; 2 Bish. Cr. Law, § 792; Clark's Man. Cr. Law, § 955.

The defendant, under the contract made between himself and McMakin, was a tenant in common of the crops jointly raised by them. The agreement to farm on shares and divide the crops constituted this relation, notwithstanding the fact that McMakin was to furnish the land and teams, and the defendant, Holcombe, only the labor. This was the conclusion reached by us in *Collier & Son v Faulk & Martin, ante*, 58. We then held that the effect of sections 3474 and 3475 of the Code was not to totally abrogate or abolish the relation of tenants in common in the cases coming within their influence, but only to modify it so as to give to each tenant in common a lien on the share of the other in the crops jointly raised, with the remedy of enforcing it by attachment. "For this purpose and to this extent," as we said in the above case, "the relation of landlord and tenant, with all its incidents and rights in the one case, and the contract of hire, with the relation of employer and employee in the other, are declared respectively to exist. When this protection is secured, the function of the statute is fulfilled, and the legislative purpose accomplished. The rights and rela-

[Berney v. The State.]

tions of the contracting parties must be construed to remain as fixed by themselves, and are not intended to be abrogated or destroyed to any greater extent than is required to carry out the legislative intent."

The court erred in refusing to give the charge requested by the defendant, viz: that the jury should acquit him of the offense of larceny, for which he stood indicted, if they believed the evidence.

It is true that one tenant in common who fraudulently converts to his own use the undivided interest of his co-tenant, is punishable as if he had stolen it, under the provisions of section 4355 of the Code, but the indictment in the present case is not framed under that section.

The judgment of the Circuit Court is reversed and the cause remanded. In the meanwhile let the defendant be retained in custody until discharged by due course of law.