# McCall *v.* The State.

### *Indictment for Larceny of Part of Outstanding Crop.*

1. *When parties tenants in common.*—Under a contract between several parties entered into for the purpose of engaging in farming, by the terms of which one of the parties was to furnish the land and "necessary teams, wagons, farming implements, feed for teams and blacksmith work," and the other parties were to "furnish all the labor necessary to make a crop," and the crop was to be divided between all the parties, in shares fixed by the contract, the parties thereto are tenants in common of the crop raised thereunder.

2. *Sections 3474 and 3475 of the Code construed.*—Sections 3474 and 3475 of the Code did not totally abrogate or abolish the relation of tenants in common in the cases coming within their influence; but only modified it so as to give to each tenant in common a lien on the share of the other in the crop jointly raised, with the remedy of enforcing it by attachment.—*Collier & Son v. Faulke & Martin, ante* 58, and *Holcombe v. The State, ante* 218, re-affirmed on this point.

3. *Outstanding crop of corn not personal property.*—An outstanding crop of corn is not personal property, and is, therefore, not protected by the provisions of section 4355 of the Code.

APPEAL from Lowndes Circuit Court.

Tried before Hon JOHN MOORE.

At the fall term, 1881, of said court, the appellant was indicted for the larceny of a part of an outstanding crop of corn, alleged in one count to be the property of John Streety, and in another, to be the property of John Miller. The evidence introduced on the trial tended to show, that the appellant, in the fall of 1881, prior to the finding of the indictment, took and carried away from a field a part of an outstanding crop of corn, under circumstances evidencing a felonious intent; but that the crop of corn grown in said field was cultivated and raised by him and other laborers, under a contract with John P. Streety & Co., by the terms of which Streety & Co. were to furnish the land and "necessary teams, wagons, farming implements, feed for teams and blacksmith work," and appellant and the other laborers were to "furnish all the labor necessary to make a crop," and of the crop raised by them under said contract, Streety & Co. were to have one half, and appellant

and the other laborers were to have the other half. This being substantially all the evidence, the appellant asked the court in writing to charge the jury as follows: "If the jury find that the corn which the defendant is charged with taking was a part of the crop grown by him and others, parties to the contract with Streety & Co., in evidence, under said contract, and that there is no evidence of his taking any other corn than that which had been grown and raised under said contract; and that he was a party to said contract, and aided in raising said crop, and that at the time of taking, he had an interest in the corn under said contract, then the jury can not convict him." The court refused to give this charge, and the appellant excepted.

Appellant's counsel not disclosed by the record.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The evidence shows that the defendant was a tenant in common of the outstanding corn crop, a portion of which he is charged with stealing. Upon the authority of *Holcombe v. The State, ante* 218, and of *Collier & Son v. Faulke & Martin, ante* 58, construing sections 3474 and 3475 of the present Code, the judgment of the Circuit Court must be reversed. And in as much as the facts disclosed fail to show that the defendant is guilty of any crime, either statutory or known to the common law, the cause will not be remanded, but an order will be entered here discharging him from further legal custody.

Under the provisions of section 4355 of the Code, an indictment lies against one tenant in common of *personal property* for a fraudulent conversion of his co-tenant's undivided interest. A growing crop of corn, however, is not personal property, and hence the section in question has no application to the facts of this case.—*Harris v. The State,* 60 Ala. 50.