# Adams v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Tenancy in common in crops, between owner of land and agricultural laborer.*—Under a contract between the owner of land and an agricultural laborer, by which the former agrees to furnish the lands and necessary teams, and the latter the labor, the crops to be divided equally between them, the parties are tenants in common of the crop until divided; though the statute (Code, § 3065) gives the laborer a lien, and process of attachment to enforce it.

2. *General exception to several charges given or refused.*—A general exception to several charges given can not avail anything, unless all of them are erroneous; nor to the refusal of several charges asked, unless each of them stated a correct principle of law applicable to the case.

From the City Court of Montgomery.

Tried before the Hon. Thos. M. Arrington.

Indictment for assault with intent to murder. Conviction of assault and battery. Exceptions to charges given, and to the refusal of charges asked. Material facts stated in opinion.

W. L. Martin, Attorney-General, and Tennent Lomax, for the State.—Under the undisputed facts of this case, by express statutory provision, the contract of hire existed between the parties, and the defendant had a lien on the crops, enforceable by process of attachment.—Code, § 3065. At common law, without this statute, the parties may have been tenants in common of the crops, with equal right of possession; but this relation can not exist where one has an express lien, which necessarily implies that the title and right of possession are in the other. The exception to charges given and refused is too general.—3 Brick. Digest, 80, § 41.

McCLELLAN, J.—The appellant was convicted of an assault and battery, under an indictment which charged an assault with intent to murder. In determining whether he

was in fault in bringing on the difficulty, in which the assault was alleged to have been made, the ownership of certain corn became a material inquiry. The proof was, that this corn was a part of a crop raised by the defendant under a contract between him and one Turnipseed, by the terms of which the latter "furnished the land and teams, the defendant furnished the labor, and the crop was to be equally divided between them." A part of the corn had been gathered by the defendant, under the direction of Turnipseed, who ordered defendant to store it in his, Turnipseed's, crib. Two wagon-loads were thus gathered and stored; but the third load was stored in a crib belonging to, or under the control of the defendant. The assault charged in the indictment was consequent upon an effort of Turnipseed to get possession of this corn, and defendant's resistance thereto. On this state of the facts, the court charged the jury as follows: "The legal title to the corn was in Mr. Turnipseed, and the defendant had no right to it other than a lien, which could be enforced by attachment." This charge is not in harmony with the decisions of this court. These adjudications have fully settled the doctrine, that crops grown under a contract, such as the one proved in this case, belong to the contracting parties as tenants in common, and that this relation is changed by section 3065, only for the purpose, and to the extent of furnishing the agricultural laborer a remedy against the unfair dealings of his co-tenant, by the process of attachment; and until this remedy, which may be regarded in a sense as cumulative, is resorted to, the relations and rights of the parties are those of tenants in common, each having the same title, and the same right of possession as the other.—*Collier v. Falk*, 69 Ala. 58; *Holcombe v. State*, 69 Ala. 218; *McCall v. State*, 69 Ala. 227; *Smith v. State*, 84 Ala. 438.

Two or more charges were given at the request of the State, and eight charges asked by the defendant the court refused to give. To the action of the court in each particular, there was one general exception. These exceptions could not avail the defendant, unless, in the one instance, all the charges given at the request of the solicitor were bad; and in the other, all those of the defendant which were refused, correctly stated principles of law bearing on the case. We are satisfied that some, at least, of the former were good, and some, at least, of the latter were bad. It follows, that the action of the court on the special charges given and refused is not presented so as to authorize revision by this

court.—*Black v. Pratt C. & C. Co.*, 85 Ala. 511; *Bedwell v. Bedwell*, 77 Ala. 587; *Stevenson v. Moody*, 83 Ala. 418; *Mc-Gehee v. State*, 52 Ala. 225.

For the error in the general charge pointed out above, the judgment must be reversed, and the cause remanded.