# Mays *v.* The State.

*Indictment for Trespass by Cattle on Crops under Common Fence.*

1. *Sufficiency of indictment; following words of statute; negativing exception.*—When a statute creates an offense, describing all its constituents, it is sufficient for an indictment to pursue the words of the statute; and when the enacting clause contains an exception, which is so incorporated in the definition of the offense as to become a material part of the description of its ingredients, the indictment must negative the exception.

2. *Same; alternative charges in same count.*—When an indictment contains but one count, which contains alternative charges in the disjunctive, each alternative must charge a substantive offense.

3. *Suffering cattle to run at large on lands under common fence; sufficiency of indictment.*—An indictment for suffering stock to run at large on lands inclosed by a common fence (Code, §§ 3378-9), must allege that the act was committed between the 1st day of March and the 25th day of December, that there was at the time a growing or outstanding crop on the land, and that the cattle were allowed to run at large without a sufficient guard to prevent injury to the crops.

4. *Same; constituents of offense.*—The statute applies only to lands owned by two or more persons in severalty, on which crops are cultivated by them in severalty, and does not embrace a joint occupancy and cultivation by tenants in common; as where the defendant owned the land, and furnished the mules, while the prosecutor supplied the work, under an agreement that the crop should be equally divided between them.

From the County Court of Colbert.

Tried before the Hon. JOHN A. STEELE.

The indictment in this case was found in the Circuit Court, in March, 1889, and, as copied three times in the transcript, charged that the defendant, Jack Mays, "cultivated or occupied land under a common fence with Robert Wise, knowingly suffered hogs or cows or horses to go at large in such inclosure, or knowingly suffered said stock to go at large in said inclosure without a sufficient guard to prevent injury to crops." The case having been transferred to the County Court for trial, the defendant there demurred to the indictment, because (1) it did not allege that there was at the time a growing or outstanding crop on the land; and (2) because the offense was stated in the alternative, and one of the alternative charges was defective and insufficient. The court overruled the demurrer, and issue was joined on the plea of not guilty.

[Mays v. The State.]

On the trial, as the bill of exceptions shows, Robert Wise testified on the part of the State, that he and the defendant cultivated a crop on shares during the year 1888; that the defendant furnished the land, the mules, and the necessary feed for them, while he furnished the labor, and the crops were to be equally divided between them. The defendant, testifying in his own behalf, stated that his contract for the cultivation of the land was made, not with said Wise, but with Judith Guinn, whose daughter said Wise afterwards married, and that he never made any contract with Wise. The defendant requested the court to instruct the jury, (1) "that if they believed from the evidence that the contract was made between the defendant and Judith Guinn, then they must find the defendant not guilty; (2) "that if they believed from the evidence that said Wise cultivated land belonging to the defendant, under a contract between them that defendant should furnish the land and the teams, that Wise should furnish the labor, and that the crops were to be equally divided between them, then they must find the defendant not guilty." The court refused these charges, and the defendant excepted.

JACKSON & SAWTELL, and KIRK & ALMON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—When an offense is created by a statute, which describes its constituents, an indictment conforming to the statutory description is sufficient; but pursuing the words of the statute will not suffice, unless every affirmative element of the offense is thereby distinctly and clearly averred. The general rule is, that an indictment must contain all the essential ingredients of the offense intended to be charged, stated with certainty, unless there be a statutory form directing otherwise. When the enacting clause contains an exception, whether such exception constitutes matter of defense to be shown by the accused, or must be negatived in the indictment, depends on the question, whether it is so incorporated in the definition of the offense as to become a material part of the description of its ingredients. The practical test is, does the statute declare the criminality of the prohibited acts as an entire class, or such acts only when committed by designated persons, or under particular circumstances, or during a specified period? "If it be clear

[Mays v. The State.]

that an act is only to become a crime when executed by persons of a particular class, or under particular conditions, then this class, or these conditions, must be set out in the indictment, no matter in what part of the statute they may be expressed."—Whart. Cr. Pl. & Pr. § 241; *McIntyre v. State,* 55 Ala. 157.

The indictment was intended to charge a violation of section 3878 of the Code, which declares: "Any one of several parties occupying or cultivating land under a common fence, who turns stock of any kind into such inclosure, or knowingly suffers such stock to go at large therein, without a sufficient guard to prevent injury to crops, must, on conviction, be fined not less than ten, nor more than fifty dollars, and also the amount of damages inflicted by the stock, which damages shall be held as a part of the penalty imposed by the court, and shall go to the party injured; but this section shall not apply when there is no growing or outstanding crop on the lands within the inclosure, or in any case, from the twenty-fifth day of December to the first day of March succeeding." By its own limitations, the statute does not stamp criminality upon the enumerated acts, unless committed when there is a growing or outstanding crop on the land, and during a period of time other than that specified. The penal character of the section does not apply, except to acts done under a particular condition, and between certain dates. The exceptions are so incorporated with the clause describing the offense, that they constitute a material part of its descriptive ingredients; the negative of the exception is requisite, to show affirmatively a *prima facie* offense. The indictment is defective in failing to show that the accused is not within the exceptions.—1 Bishop Cr. Pro. §§ 634–639; *U. S. v. Cook,* 17 Wall 168.

It is also defective in another respect. It charges that defendant "knowingly suffered hogs or cows or horses to go at large in such inclosure, or knowingly suffered hogs or cows or horses to go at large in said inclosure without a sufficient guard to prevent injury to crops"—two offenses in the same count disjunctively. In such cases, it is well settled, that each alternative charge must contain a substantive offense under the law.—*Horton v. State,* 53 Ala. 488; *Noble v. State,* 59 Ala. 73. Merely suffering stock to go at large in the inclosure, is not the offense described in the statute: there must be a neglect or omission to accompany the stock by a sufficient guard to prevent injury to crops. The defendant could not be convicted on the alternative charge.

[Cochran v. The State.]

Some of the charges requested by defendant, and refused by the court, involve the construction of the statute. Assuming the truth of the evidence most favorable to the State, defendant furnished the land and the team to cultivate it, and Robert Wise furnished the labor, with stipulation to divide the crop equally. Under section 3065 of the Code, such arrangement is a contract for hire, and as construed, constitutes the parties tenants in common of the crops jointly raised.—*Holcomb v. State*, 69 Ala. 218. One tenant in common can not be guilty of the offense described in the statute, by turning stock into an inclosure surrounding land jointly occupied and cultivated with a co-tenant, or knowingly suffering stock to go at large therein without sufficient guard to prevent injury to crops belonging to them as tenants in common. Under the statute, the damages inflicted by the stock go to the party injured. If the crops injured belong in common, the damages go to them jointly; the whole amount can not be imposed on an offending tenant in common and go to the other, as the sole party injured; nor does the statute make provision for the imposition of a portion of the damages in a case like the present. It was not intended to cover a case of joint occupancy and cultivation, and injury to crops owned jointly. By its terms, the acts must be committed by one of several parties, who occupies or cultivates parts of the land, separate and distinct from the parts occupied or cultivated by the other parties, under a common fence; its language is, "any one of *several* parties occupying or cultivating land under a common fence." The occupation or cultivation must be several.

The judgment is reversed, and, as on the evidence defendant can not be convicted, he will be discharged.

Reversed and rendered.