# Hill v. The State.

*Indictment for Keeping a Pool Table without a License.*

1. *Keeping pool table without license ; when indictment insufficient.*—An indictment which charges that "the defendant engaged in or carried on the business of keeping a pool table. without a license and contrary to law," does not charge an offense, in that it fails to designate what kind of a pool table the defendant kept, and whether it was one of the class for the keeping of which he was required to pay a license under the statute, (Code of 1896, § 4122, Subdivs. 11, 12).

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

The facts of the case are sufficiently stated in the opinion.

BARNES & DUKE, for appellant, cited *Mosby v. State*, 98 Ala. 50 ; *Mays v. State*, 89 Ala. 37.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Dentler v. State*, 112 Ala. 71 ; *Bell v. State*, 100 Ala. 78.

SHARPE, J.—It is charged in the indictment that "the defendant engaged in or carried on the business of keeping a pool table without a license and contrary to law against the peace" etc. It was demurred to for want of sufficient certainty in respect to the description of the offense intended, and the overruling of the de-murrer is assigned for error.

[Hill v. The State.]

Subdivisions 11 and 12 of section 4122 regulate the licensing of pool tables. Offenses arising under the two provisions respectively are essentially different. Subdivision 11 relates to tables upon which the game of pin pool is played for which the license charged is one hundred dollars, and the fine for offenses arising under it is prescribed by law at three times that amount, or three hundred dollars. Subdivision 12 applies to tables used for other games of pool with balls for which a charge is made, or when kept in connection with a bar room whether its use is charged for or not, for which the license tax is fifty dollars, and the fine for offenses under it is one hundred and fifty dollars. By its generality this indictment was probably intended to cover either offense, but the result is that it has charged none; for the business of keeping a pool table merely when not of the class mentioned in the statute is not required to be licensed. It is settled law that when an offense is created and defined by the statute, an indictment under it will not support a conviction unless it conforms to the statute in describing the offense. It is likewise a rule that an indictment must be certain in its averments at least to the extent which will inform the defendant of the offense he is called on to defend, and which will enable the court and jury to know the issues to be tried and the punishment which is to follow if they be found against the defendant.—*Harris v. State*, 50 Ala. 127; *Mosby v. State*, 98 Ala. 51; *Mays v. State*, 89 Ala. 37; *McPherson v. State*, 54 Ala. 221.

This indictment is fatally defective in failing to describe the offense so as to bring it within the terms of either one or the other of the provisions referred to.

For the error in overruling the demurrer the judgment is reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.