(93 South. 306)

### ELMORE v. STATE. (4 Div. 710.)

(Court of Appeals of Alabama. May 9, 1922.)

1. Intoxicating liquors ⬤⟿233(2)—Evidence of finding of part of still competent on trial for manufacturing liquor.

On a trial for manufacturing liquor, it was competent for the state to show that a part of a still was found at the place and time defendant was charged with manufacturing the liquor.

2. Criminal law ⬤⟿359—Evidence that others were operating still the night before defendant was shown to have operated it held incompetent.

Where there was evidence that defendant was at a still and manufacturing liquor on the morning of his arrest, evidence that others were operating the still the night before would not have exonerated defendant, and was inadmissible.

3. Criminal law ⬤⟿531(3)—Evidence held to make sufficient predicate for admission of confession.

Testimony of a witness that no threats were made against defendant, and that he did not offer him any inducement or reward, made a proper predicate for the admission of a confession to such witness.

4. Intoxicating liquors ⬤⟿233(2)—Evidence of finding of rum on search of defendant's house held admissible.

Evidence that, shortly after defendant's arrest at a still, a short distance from his house, rum was found in his house on a search thereof, was admissible.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Willis Elmore was convicted of violating the prohibition law, and he appeals. Affirmed.

The witness Watford stated that no one made any threats against the defendant, whereupon the court asks, "Or offer him any inducement or reward?" The witness answered, "No, sir; I did not." The witness was then permitted to state what the defendant said to him when he was arrested.

T. M. Espy and Lee & Tompkins, all of Dothan, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged that he did distill, make, or manufacture alcoholic or spirituous liquor, subsequent to

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

January 25, 1919, and was sentenced to the penitentiary for an indeterminate term.

[1] At the place and time where the defendant was charged with manufacturing liquor, it was competent for the state to show there was found a part of a still.

[2] The witness Adams testified that with other officers, he went to the place where the still was located on the night before the morning on which the defendant was arrested. He testified as to the still, its operation, and as to the presence of the defendant there on this morning. The defendant then sought to show what time it was when the witness got to the still on the night before, stating to the court that he expected to show that the still found there in the morning was there the night before, and men there other than the defendant. The court sustained the solicitor's objection to the question, and in so ruling there was no error. The fact, if it be a fact, that others than the defendant were present and operating the still on the night before, could not have exonerated the defendant from being there and manufacturing liquor on the following morning, which fact the testimony tended to show.

[3] The proper predicate was laid for the admission of the confession of the defendant to the witness Watford.

[4] It was competent for the state to offer testimony to the effect that, shortly after the arrest of the defendant at the still, which still was shown to have been only a short distance from the defendant's house, rum was found at the defendant's house, and this rum found in a search of the house. Mary Banks v. State, ante, p. 376, 93 South. 203.

We find no error in the record, and the judgment appealed from must be affirmed.

Affirmed.