(93 South. 270)

**BAKER v. STATE.  (4 Div. 772.)**

(Court of Appeals of Alabama.  May 16, 1922.)

**1. Criminal law ⟋95—Eighteenth Amendment and Volstead Act held not to prevent state court from trying violations of prohibition laws of the state.**

The Eighteenth Amendment and the Volstead Act does not prevent the state court from trying offenses against the prohibition laws of the state.

**2. Indictment and information ⟋87(9)—Not necessary to allege date of offense.**

Under Code 1907, § 7139, it is not necessary to allege the exact date on which the offense was committed.

**3. Indictment and information ⟋33(1)—Need not be signed by solicitor.**

It is not necessary for the solicitor to sign an indictment.

**4. Criminal law ⟋413(1), 448(1)—Self-serving declarations of accused and conclusions of witnesses held inadmissible.**

Declarations of an accused *held* inadmissible as being immaterial, self-serving statements, or conclusions of witnesses.

**5. Witnesses ⟋269(3)—Cross-examination of wife of accused held proper.**

Where in a prosecution for making whisky defendant's wife on direct examination testified concerning defendant's movements about the time he was found at the still, it was proper to cross-examine her concerning defendant's movements shortly before his arrest.

**6. Witnesses ⟋270(1)—Cross-examination on irrelevant matters to test trustworthiness of witness permissible.**

The court in its discretion may permit cross-examination on irrelevant matters to test witness' memory or sincerity.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Jim Baker was convicted of violating the prohibition laws, and he appeals.  Affirmed.

The plea in abatement attacked the jurisdiction of the state courts to try for the offense charged since the enactment of the amendment to the federal Constitution and the passage of Volstead Act, 41 Stat. 305.

The demurrers raised the point above raised, with the additional points that the indictment did not allege the date on which the offense was committed, and that it was not signed by the solicitor.  The other facts sufficiently appear.

Mulkey & Mulkey, of Geneva, for appellant.

The demurrers to the indictment should have been sustained.  1 Stew. 318, 18 Am. Dec. 46; 83 Ala. 84, 3 South. 711; 94 Ala. 106, 11 South. 403; 71 Ala. 344; 29 Ala. 27.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The federal laws did not suspend the Alabama prohibition laws.  Ante, p. 101, 90 South. 138.  It was not necessary that the indictment be signed by the solicitor.  8 Ala. App. 93, 62 South. 984; 8 Ala. App. 400, 62 South. 980; 16 Ala. App. 399, 78 South. 315. The indictment need not allege the exact time, but is sufficient if it alleges that this offense was committed since the going into effect of the statute.  Laminack v. State, ante, p. 399, 92 South. 502; Id., ante, p. 400, 92 South. 505.

MERRITT, J.  The defendant was convicted under an indictment which charged that he did distill, make, or manufacture alcoholic or spirituous liquor subsequent to the 25th day of January, 1919.

[1] The demurrers to the plea in abatement were properly sustained.  Wesley Powell v. State, ante, p. 101, 90 South. 138.

[2] The demurrers to the indictment were properly overruled.  Under section 7139 of the Code it was not necessary to allege the exact date on which the offense was committed.  See, also, cases of Dewey Laminack v. State, ante, p. 399, 92 South. 502, and George Laminack et al. v. State, ante, p. 400, 92 South. 505.

[3] It is not necessary that an indictment be signed by the solicitor.  Boyett v. State, 8 Ala. App. 93, 62 South. 984; Brigman v. State, 8 Ala. App. 400, 62 South. 980; Holt v. State, 16 Ala. App. 399, 78 South. 315.

[4] Defendant was found at a still.  The defendant sought to show that he had been to his father's home in Florida, returned at nighttime, had a conversation with his wife, after which he went to the still, the record indicating that the defendant sought to show that one Johnson had left a message at defendant's home for defendant to come to the still, and that he went to the still in response to such request, and that the still was the property of Johnson, and that defendant was not interested in it.

Pursuing this theory, the defendant sought to show by his witnesses what he said when he left home about where he was going, what he was going for, what time he left, the conditions under which he left, that after his conversation with his wife he said that he was going to the still; whether he and his wife had a conversation about said Johnson; if the witnesses knew anything about Johnson having any connection with a still prior to the time defendant was found at it; and whether Johnson was seen hauling cane beer or skimmings of cane at any time in the direction of the still; what conversation was had between defendant and Johnson after defendant reached the still; whether the defendant found out in conversation with his

⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

wife where the still was; what he went to see Johnson about, and if his visit involved other matters. All of this line of evidence was immaterial, or called for self-serving testimony or conclusions of the witnesses, and was clearly properly kept out of the case by the court.

[5, 6] While defendant's wife was on the stand she was asked certain questions which were objected to by defendant, namely, what time defendant got home the previous day and the previous night and what he did the next day. The general rule is that there is a wide latitude on the cross-examination of witnesses resting in the discretion of the court, and that witnesses may even be examined as to immaterial or irrelevant matters for the purpose of testing the memory and sincerity of the witness. However, the movements of the defendant at and about the time he was found at the still were relevant matters, and the state was entitled to cross-examine the defendant's wife touching these matters, as she had during direct examination touched upon his movements shortly before his arrest.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.