**MARSHALL v. STATE. (4 Div. 724.)**

(Court of Appeals of Alabama. May 30, 1922 [opinion of April 4, 1922 withdrawn]. Rehearing Denied April 18, 1922. Reversed on Mandate of Supreme Court May 25, 1922.)

**1. Criminal law ⬤⟩419, 420(3)—Evidence as to source of information regarding still held inadmissible as hearsay.**

In a prosecution for possession of a still, evidence by defendant that the officers obtained information regarding the still from C. was inadmissible as hearsay.

**2. Criminal law ⬤⟩359—What persons formerly owned and operated still held immaterial.**

In a prosecution for possession of a still, what persons formerly owned and operated the still was immaterial.

**3. Witnesses ⬤⟩337(6)—Permitting questioning of defendant as to previous conviction for making liquor held error.**

In a prosecution for unlawful manufacture of intoxicating liquor, the permitting of cross-examination of defendant as to whether he had been previously convicted of making liquor was error, as the crime of manufacturing liquor, being mala prohibita, does not affect the credibility of a witness, under Code 1907, §§ 4008, 4009.

Appeal from Circuit Court, Covington County; A. B. Forster, Judge.

Isaac Marshall was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

For opinion in Supreme Court, see 207 Ala. 566, 93 South. 471.

Powell & Reid, of Andalusia, for appellant.

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 194 Ala. 390.

The court erred in requiring the defendant to answer that he had been previously convicted of making liquor. 206 Ala. 180, 89 South. 605; ante, p. 67, 88 South. 376; ante, p. 62, 88 South. 375; 17 Ala. App. 674, 88 South. 211; 17 Ala. App. 379, 84 South. 862; 165 Ala. 135, 51 South. 722; 140 Ala. 38, 36 South. 1009.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] On the trial the defendant offered to show by the witness Gant, who was being examined as a witness for the state, that the officers obtained information regarding the still of defendant from one Cowan. This was the merest hearsay, and not admissible.

[2] As to what other parties had formerly owned and operated the still was entirely immaterial. Admitting that the other parties were alike guilty, this would not exculpate the defendant.

[3] While the defendant was being examined on cross-examination the solicitor was permitted, over the general objection of defendant, to ask this question: "You have been convicted before of making liquor, haven't you?"—to which the defendant answered: "Yes, sir." It is insisted that this is reversible error, and to sustain this contention we are cited Lakey v. State, 206 Ala. 180, 89 South. 605, Abrams v. State, 17 Ala. App. 379, 84 South. 862, and other cases of this court in line with those decisions. Those and similar cases were written at times when they did not come under the influence of the act of the Legislature approved January 25, 1919 (Laws 1919, p. 6, § 15), making the manufacture of whisky a felony, and the trial court doubtless held to the view that, by virtue of that act, a witness may be examined touching his conviction for making liquor, and, if he has been so convicted, such fact goes to his credibility as a witness (Code 1907, §§ 4008 and 4009; Moore v. State, 12 Ala. App. 243, 67 South. 789; Fuller v. State, 147 Ala. 35, 41 South. 774); the court in the Fuller Case, supra, holding that—

"We entertain the opinion that the conviction for a felony made so by statute, which was not a crime at common law, may be shown for the purpose of affecting his credibility as a witness under section 1795 (now 4008) of the Code."

However, the Supreme Court, in Ex parte Marshall, 93 South. 471,[1] has overruled the opinion in the Fuller Case, and holds that the crime of manufacturing whisky, being mala prohibita, does not affect the credibility of a witness, and for that reason the court was in error in permitting the question to be asked.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

The original opinion of this court is withdrawn, and the foregoing opinion substituted. The judgment of affirmance is set aside, and the judgment is reversed, and the cause is remanded.