**CONNOR v. STATE.   (4 Div. 885.)**

(Court of Appeals of Alabama.   July 26, 1923. Rehearing Denied Oct. 30, 1923.)

1. **Intoxicating liquors** ⬤➡233(1) — Testimony as to another's discovery of still on his land, and subsequent removal thereof, held properly excluded as immaterial.

In a prosecution for possessing a still, testimony that another had discovered the still on his land and ordered its removal, which was done, *held* properly excluded as immaterial.

2. **Criminal law** ⬤➡413(1)—Intoxicating liquors ⬤➡233(1)—Testimony that defendant showed still to another properly excluded as immaterial and self-serving.

In a prosecution for possessing a still, defendant's testimony that he showed another the still *held* properly excluded as immaterial and self-serving.

3. **Criminal law** ⬤➡878(2) — General verdict on count, containing alternative averments charging similar offenses subject to same punishment, sufficient.

A general verdict on one count, containing alternative averments charging similar offenses subject to the same punishment, as authorized by Code 1907, § 7151, is sufficient, without indicating on which averment it is based.

4. **Criminal law** ⬤➡1083—Trial court cannot consider motion for new trial after appeal is taken.

The trial court cannot entertain a motion for new trial after an appeal is taken.

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

J. Claud Connor was convicted of possessing a still, to be used in manufacturing prohibited liquors, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Connor, 210 Ala. 505, 98 South. 483.

D. A. Baker, of Troy, for appellant.

Count 2 charges four distinct offenses. The verdict of the jury found the defendant guilty under the entire indictment. It should have been set aside, and a new trial ordered. Code 1907, § 7151; Brooms v. State, 197 Ala. 419. 73 South. 35; Hornsby v. State, 94 Ala. 55, 10 South. 522.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was charged in the first count of the indictment with distilling and in the second count with having in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors. He was found guilty as charged in the second count.

The evidence for the state tended to show that a complete copper still of 50 or 60 gallons capacity was found in a cellar under the shed of defendant's smokehouse. There were also in the cellar six 30-gallon barrels of beer in a state of fermentation. The top of the cellar was floored with one inch plank, and there was a trapdoor in the floor. The evidence of the defendant tended to show that the still was placed there in his absence without his authority, that he knew nothing about it until Tuesday night before the Wednesday on which he was arrested.

[1] The defendant offered to show that one Hoomes had discovered the still on his land and had told Manse Flowers to move it, and that immediately thereafter the still was moved. That the still was previously on the place of another person was immaterial. If another was alike guilty, this would not exculpate the defendant. Marshall v. State, 18 Ala. App. 526, 93 South. 380. That the still was moved from the place of another person after his discovery of it was likewise immaterial. Marshall v. State. supra; Elmore v. State, 18 Ala. App. 492, 93 South. 306.

[2] The court did not err in refusing to permit the defendant to show that he called the witness Hoomes in his house and showed him the still. Showing the still to another is not evidence that defendant was not in the unlawful possession of the still. Besides being immaterial, it was a self-serving declaration, and for that reason inadmissible. Olden v. State, 176 Ala. 6, 58 South. 307; Baker v. State, 18 Ala. App. 510, 93 South. 270.

[3] The second count of the indictment charged that the defendant—

"did manufacture, sell, give away, or have in his possession, a still, apparatus, appliance or any device or substitute therefor to be used for the purpose of manufacturing any prohibited liquors or beverages."

Counsel for defendant insists that a verdict of guilt as to the second count, and the adjudication of guilt by the court, is a conviction as to all the charges contained therein, and subjects the defendant to a penalty of imprisonment on each alternative averment or charge for a term of one to five years.

The defendant was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than two years.

Section 7151, Code 1907, authorizes the joinder of offenses of the same character, and subject to the same punishment in the same count in the alternative.

In Brooms v. State, 197 Ala. 419, 73 South. 35, our court holds:

"The provision of section 7151, Code 1907, does not affect the doctrine of election, the doctrine remaining the same whether several offenses be charged in one count, or in different counts, provided the indictment as a whole only attempts to charge one act which may constitute one or more of several offenses, and an indictment thereunder charges one wrongful act as one or the other of two or more offenses, and not the commission of all the offenses named in the alternative."

In Sampson's Case, 107 Ala. 76, 18 South. 207, the offenses were charged in the alternative in one count, and a general verdict was held good, if supported by either alternative.

"Averments in the alternative in one count are mere substitutes for so many different counts." Hornsby v. State, 94 Ala. 55, 10 South. 522.

A general verdict rendered on one count of an indictment, the alternative averments each charging a similar offense, and the punishment being the same, is sufficient, without indicating on which alternative averment it is based. Scott v. State, 37 Ala. 117; Cawley v. State, 37 Ala. 152; Kilgore v. State, 74 Ala. 1.

[4] The defendant filed a motion for a new trial. He was tried, convicted, and sentenced on October 25, 1922, and the motion for new trial appears to have been filed later, although the date of filing is not shown by the record. The appeal to this court was taken on October 25, 1922. The trial court lost jurisdiction of the cause on that date, and was without authority to entertain a motion for new trial. Sherman v. State, 15 Ala. App. 175, 72 South. 755. The trial judge very properly neither heard the motion nor made any order thereon; the record presents no question for review here.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.