(115 So. 769)

GRIFFIN v. STATE.    (7 Div. 401.)

Court of Appeals of Alabama.    March 13, 1928.

Chas. J. Scott, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. ■ Under the statutes of this state, when offenses are of the same character and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative. Also, when the offense may be committed by different means, or with different intents, such means or intents may be alleged in the same count in the alternative. Sections 4544, 4546, Code 1923. However, when so charged in the alternative, each alternative must state a complete offense under the law. May's Case, 89 Ala. 37, 8 So. 28; Hornsby. v. State, 94 Ala. 55, 10 So. 522.

■ Count 4, in the indictment in this case, was defective, in that the first alternative averment charged that the defendant did *buy*, etc., prohibited liquors. This averment, standing alone, charged no offense under the laws of Alabama. Code 1923, § 4621. Under the authorities above cited, this alternative averment rendered the count as a whole defective. The demurrers interposed to this count of the indictment pointed out specifically this defect, and should have been sustained. The court, however, overruled the demurrers, and thereby committed error to a reversal, for the law is:

"The overruling of a demurrer to a defective count in an indictment is an error for which the judgment of conviction will be reversed, although the indictment also contained several good counts, and there was a general verdict of guilty." Pairo v. State, 49 Ala. 25 (second headnote); Hornsby's Case, supra; Winchester v. State, 20 Ala. App. 431, 102 So. 595.

■■ The contention that the indictment is invalid because not signed by the solicitor is without merit. An indictment receives its legal efficacy from being found and returned into court by a grand jury; and it is not necessary, to its validity, that it be signed by the solicitor, or any one acting for him. Prince v. State, 140 Ala. 158, 37 So. 171; Baker v. State, 18 Ala. App. 510, 93 So. 270. The indictment here contains the indorsement, "A true bill. W. E. Hurt, Foreman of Grand Jury." This indorsement properly authenticates the indictment.

The appeal is upon the record proper. For the error in overruling demurrers to the fourth count of the complaint, and thereby putting the defendant to trial on this defective count, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.