(125 So. 606)

## JINRIGHT v. STATE.   (4 Div. 451.)

Supreme Court of Alabama.   Dec. 5, 1929.

Charlie C. McCall, Atty. Gen., and William P. Cobb, Asst. Atty. Gen., and J. M. Loflin, Sol., of Enterprise, for the State.

J. C. Fleming, of Elba, opposed.

BOULDIN, J. "To sell, offer for sale, keep or have in possession, barter, exchange or to give away, * * * prohibited liquors, * * * *or to accept the delivery of, or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by the existing laws of the state of Alabama, in any quantity whatsoever*," is a violation of the prohibition laws of this state. Code, § 4621. (Italics supplied.)

Each of the several offenses thus defined is punishable by fine, or by fine and imprisonment. Code, § 4622, as amended, Gen. Acts 1927, p. 714. "When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative." Code, § 4546.

In keeping with this statute of long standing, the lawmakers have incorporated in the Code a form of indictment to cover offenses under section 4621. This form, No. 101, reads:

"A. B. did buy, sell or have in possession illegally, give, barter, exchange, receive, deliver, carry, or ship, prohibited liquors, contrary to law, against, etc."

Code forms are declared by statute to be sufficient in all cases to which they are applicable. Code, § 4556. Notwithstanding this statute, the Court of Appeals takes the view that the form prescribed is fatally defective, when assailed by demurrer.

Following the former decision of that court in Griffin v. State, 22 Ala. App. 369, 115 So. 769, it is held the alternative averment that the accused "did buy prohibited liquors" charges no offense known to the law. On this premise the further holdings in the opinion under review are predicated.

Is the premise correct? "Buy" and "purchase" are convertible terms. This by common usage as well as dictionary definition. Webster's New International Dictionary, "Buy."

To buy or purchase imports a sale. Delivery is an essential part of a sale of a chattel. To "accept delivery of," to "receive" into possession, to "have possession" of prohibited liquors is expressly declared an offense under Code, § 4621.

In the law of sales, a symbolical or constructive delivery and consequent possession is sometimes recognized. Such is not the character of delivery and possession meant in the above section. It means delivery into actual possession, a manucaption

or dominion over the chattel, though not necessarily within the possessor's immediate presence. The form of indictment will be construed in connection with the statute to which it refers.

Receiving prohibited liquors into possession, having them in possession, whether by manufacture, gift, or purchase, and whether held for sale or for personal use, is an offense under our law. Harbin v. State, 210 Ala. 55, 97 So. 426; Wilson v. Orr, 210 Ala. 93, 97 So. 133; Bridgeforth v. State, 20 Ala. App. 20, 100 So. 564.

It follows a man cannot "buy" prohibited liquors in the ordinary sense, acquiring actual possession thereof, without a violation of the prohibition law of Alabama. A charge that the accused did buy prohibited liquors is a charge that he accepted delivery, received same into his possession.

" * * * The person purchasing or to whom prohibited liquors and beverages or any of them have been sold or otherwise disposed of shall in all cases be a competent witness to prove the unlawful act, and no person who testifies with respect to any unlawful act under this statute or other statute for the suppression of the evils of intemperance shall be prosecuted in respect to any act to which he testifies nor shall his evidence so given be used against him in any criminal proceeding." Code, § 4644. A like provision is made as to witnesses before the grand jury. Code, § 4635.

These provisions are in aid of enforcement of the prohibition law; to prevent the witness shielding himself behind the constitutional guaranty that he shall not be compelled to testify against himself. They are pertinent here as a legislative recognition that the purchaser of prohibited liquors is himself guilty of violating the law. The assisting friend of seller or buyer is made guilty under section 4651.

The power of the Legislature to prescribe the form of indictment is part of its general legislative power. Broadly speaking, it is curtailed only by constitutional limitations, such as the right of the accused to be informed of the nature and cause of the accusation, and to have a copy of same. Bill of rights, § 6.

The indictment must reasonably disclose an offense known to the law in force during the period covered thereby, and reasonably inform the accused of the accusation he is called upon to answer. Subject to these qualifications, statutory forms have from our early jurisprudence been held sufficient, although facts essential to a conviction may be omitted. Noles v. State, 24 Ala. 672, 692; Schwartz v. State, 37 Ala. 460, 466; Doss v. State, ante, p. 30, 123 So. 231.

The charge here that the accused "did buy prohibited liquors" casts upon the state the burden of proving more than the statute demands; "to accept delivery of," "to receive," "to have in possession," is made an offense. The defendant cannot complain if the statutory form goes further, and charges that delivery was accepted or possession acquired in course of a purchase of prohibited liquors. The Court of Appeals erred in holding the indictment bad because of the alternative averment mentioned.

The effort to nol. pros. this averment, whether effective or not, was, so far as defendant is concerned, no more than an election not to prosecute under this alternative, and furnishes no ground for reversal of the court below.

The writ of certiorari is granted, judgment of the Court of Appeals vacated, and the cause remanded to that court.

All the Justices concur.