(128 So. 129)

## SLAUGHTER v. STATE.

6 Div. 728.

Court of Appeals of Alabama.
Jan. 14, 1930.

Rehearing Denied Feb. 4, 1930.

J. B. Powell, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

■ The contention is made that the indictment as to the second count is void and will not support a conviction, in that one of the alternative charges contained therein charges no offense known to the law. Formerly there might have been some pith to this contention, but the Supreme Court, speaking through Bouldin, J. (125 So. 606 [1]), has now decided that as applied to the prohibition laws, "buy" means "to possess." Of course, the words are not synonymous in any other connection within the jurisprudence of any commonwealth, so far as we know, but in Alabama, for the time being, in prosecutions charging possession of whisky or whisky stills, "to buy" means "to possess." Jinright v. State, ante, p. 351, 125 So. 604; Id., 220 Ala. 268, 125 So. 606.

■ The evidence was in conflict. The affirmative charge was properly refused. There being no prejudicial error, the judgment is affirmed.

Affirmed.

