(127 So. 911)

## BOWMAN v. STATE.
### 4 Div. 607.

Court of Appeals of Alabama.
April 22, 1930.

**SAMFORD, J.**

The indictment in this case follows the form laid down in the Code 1923, § 4556, form 101, and is not subject to any ground of demurrer interposed. Forms laid down in the Code and followed in drawing indictments are sufficient to charge the offense to which they apply. Jinright v. State, 220 Ala. 268, 125 So. 606.

Only one witness appeared before the grand jury who testified to two separate sales of prohibited liquors, one at night and the second the morning after. Two indictments were returned against this defendant based upon this testimony, each charging as one of the alternative averments that defendant did *sell* prohibited liquor. To one indictment the defendant interposed a plea of guilty, and on the trial of the other he interposed a plea of former conviction. On this issue the facts developed were that there had been two sales and at the request of the state in writing the jury was instructed to find this issue in favor of the state. It may be conceded that there was only one possession of the prohibited liquor by the defendant and that the sales were made from the stock then on hand, but there were two distinct sales, each of which was a violation of law. The court did not err in instructing the jury to find the issue for the state. The fact that defendant was also guilty of possessing whisky would not excuse the sales. The case of Smith v. State, 79 Ala. 257 is easily differentiated from the case at bar.

We find no error in the record, and the judgment is affirmed.

Affirmed.

J. C. Yarbrough, of Enterprise, for appellant.

Charlie C. McCall, Atty. Gen., for the State.