# Kenan *v.* The State.

*Indictment for Murder.*

1. *Making and service of list of jurors in capital case ministerial duties, and amendable.*—The making of the list of jurors summoned for the trial of a defendant indicted for a capital offense, is clerical, and its service on the defendant is executive or ministerial; and errors occurring therein, while the proceedings are *in fieri*, may be corrected by amendment under the order of the court.

2. *Same.*—Hence, the action of the primary court in permitting the sheriff, on motion of the State, to amend the list of jurors served on the defendant, so that it would correspond to the title of the cause, and to correct the return of service, so that it would conform to the truth and show a service on the defendant, is free from error.

3. *Same.*—While such amendment should be made so soon as directed by the court, the delay in making it until after the trial is immaterial.

APPEAL from Jefferson Circuit Court.

Tried before Hon. SAMUEL H. SPROTT.

Gilbert Kenan, the defendant, was indicted and tried for murder, and was convicted of murder in the first degree, and sentenced to imprisonment in the penitentiary for life. When the cause was called for trial, the defendant moved to quash the venire, but the court overruled the motion, and the defendant excepted. It appears from the evidence introduced on

the hearing of the motion, that neither the list of jurors summoned to try the defendant, nor the copy thereof left with him was entitled in any cause, but the following endorsement was made on both by the sheriff: "Executed by leaving a copy of the written venire with *Albert* Kenan, and also a copy of the indictment in the case, wherein the State of Alabama is plaintiff and *Albert* Kenan is defendant," with date and signature. The sheriff testified that the list of jurors was served on the defendant in person at least one entire day before the day set for his trial; that in stating in his return that the list had been served on *Albert* Kenan, a mistake was made, and that he knew of no person by that name. It was also shown that no indictment was pending in said court against any one named *Albert* Kenan. On this evidence the solicitor for the State moved the court to permit the sheriff to amend his return so as to speak the truth, and to show that the service of said list was in fact made on the defendant in person, etc. This motion the court granted, and the defendant excepted. After trial and conviction, the defendant moved in arrest of judgment on the ground, among others, that the sheriff had not amended his said return, but that it remained as originally made. Thereupon the court, on motion of the solicitor for the State, allowed the sheriff to then make the amendment, and overruled the motion in arrest of judgment; and to these rulings the defendant excepted.

Name of appellant's counsel not disclosed by the record.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—When a person is indicted for an offense which may be punished capitally, if he is in actual confinement, it is the duty of the sheriff to make and serve upon him a list of the jurors summoned for his trial, at least one entire day before the day appointed for trial.—Code of 1876, § 4872. The making of the list is clerical, and its service, executive or ministerial. If errors occur while the proceedings are *in fieri*, under the control of the court, they may be corrected by amendment under the order of the court.—*Gray v. State*, 55 Ala. 86. The court very properly directed the sheriff to amend the list of jurors served upon the appellant so that it would correspond to the title of the cause; and to correct the return of service so that it would conform to the truth and show a service upon the appellant. Curing such errors could not work any conceivable injury to the appellant, and merely made the papers speak the truth. The amendment ought regularly to have been made instantly, so soon as the court directed,

but the delay of it to another time during the term was immaterial.

Let the judgment be affirmed.