# Henderson *v.* The State.

| 98 | 35 |
| 109 | 24 |

*Indictment for Murder.*

1.  *Service of list of jurors upon defendant* —An order that "a copy of the indictment, and a list of the jurors be served upon the defendant one entire day before the trial," is sufficiently executed by service upon defendant's counsel.

2.  *Misnomer of defendant in caption of list, not ground for quashing venire.*—A motion to quash the *renire*, because the name of the defendant is misstated in the caption to the list of jurors served upon him, is properly overruled.

3   *Duty of sheriff in drawing jurors* —The sheriff has no discretion in drawing the names of jurors; and, it is his duty to serve a list of these only, upon the defendant, which are drawn according to the statute. He may set aside the name drawn of a juror "over age," and proceed to draw another.

4.  *Misleading charge.*—Where the evidence shows that the defendant pointed a gun at the deceased, a charge that, "If the jury entertain a reasonable doubt, growing out of the evidence, whether or not the shooting was accidental, they must acquit," is misleading, and properly refused.

5.  *Inconsistent sections of Code.*—§§ 3733 and 4492 are not consistent. It has been finally settled that the latter section (4492) controls.

FROM the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

[Henderson v. The State.]

Jno. R. & Chas. W. Tompkins, for appellant, cited Code of Ala. § 4449; Const. of Ala. Art. 1, Sec. 7; *Driscoll's Case,* 45 Ala. 21; §§ 3733, 4492 of Code of Ala.; *Graves v. Hannon,* 59 Ala. 510.

Wm. L. Martin, Attorney-General, for the State, cited *Aiken v. State,* 35 Ala. 399; *Kenan v. State,* 73 Ala. 15; *Johnson v. State,* 94 Ala. 35; Code of Ala. § 4449; *Ib.* § 4331; subdivision 8; *Gibson v. State,* 89 Ala. 121; Acts 1888-9, p. 67; *Gunter v. State,* 83 Ala. 96; *Zaner v. State,* 90 Ala. 653.

COLEMAN, J.—The defendant was indicted and tried for murder and convicted of manslaughter in the first degree, and sentenced to hard labor for the county for a period of two years. The order of the court was that "a copy of the indictment, and a list of the jurors be served upon the defendant, one entire day before the trial." The bill of exceptions shows that defendant was on bail. It was entirely competent for the sheriff to serve a copy on the defendant's counsel, notwithstanding the order directed that it should be served on the defendant. Service on either was a sufficient compliance with the statute.—Code 449.

When the case was called for trial, the defendant moved to quash the venire upon the grounds that the caption to the list of jurors was "Special Jury in case of Milton Henderson" when, in fact, the defendant was named Wilson Henderson. On this motion it was shown that the list of jurors served on the counsel for defendant contained the names of the persons drawn and summoned under the order of the court, to try the case against the defendant. It was not necessary that the list should have any caption. It was sufficient, if the list was correct, and the defendant, or his counsel, were served with a copy, and informed by the sheriff that the list composed the special venire, drawn and summoned in his case. It was entirely competent to strike out the caption, or to amend it at any time.—*Kenan v. The State,* 73 Ala. 15.

It was further shown, that neither the defendant nor his counsel, made any objection at the time of the service or at any time demanded a copy of the *venire.* We can not see how the defendant was misled or injured or deprived of any legal right. We hold there was no error in overruling the motion to quash the *venire.*

When the name of the juror Roddy was drawn, the sheriff announced "over age," and proceeded to draw another name, &c. The *venire* was exhausted before a jury was ob-

[Henderson v. The State.]

tained. Defendant's counsel then objected to the action of
the sheriff in regard to the juror Roddy. The court pro-
posed to have the juror called again, but defendant's counsel
stated that the ground of his objection was "that he was
entitled to be served with competent jurors." The sheriff
has no discretion in the matter. The statute provides how
the names of the jurors are to be drawn, and it is the duty
of the sheriff to serve a list of those only who are drawn
as prescribed by the statute. A juror over age may be
challenged for cause.—Code, § 4331. If the fact of his being
over age is contested, the statute provides that the court
shall direct how his age may be proven.—Code, § 4332.
There is no merit in this objection.

The defendant asked the court to charge the jury as fol-
lows: "If the jury entertain a reasonable doubt, growing
out of the evidence, whether or not the shooting was acci-
dental, they must acquit." This charge was refused. The
charge was misleading, and under the evidence in the case
ought not to have been given. Leaving out of view other
evidence in the case, the testimony of the defendant himself
is, that "he held it (the gun) pointed at the deceased as he
went to get the pistol." Now if the defendant pointed the
gun at the deceased, and it was accidentally discharged, or
if defendant believed it was not loaded, it was an unlawful
act, a misdemeanor made so by statute. A person who
causes the death of another under such circumstance is not
wholly free from guilt, and a charge which instructs a jury
to acquit under such circumstance, is erroneous.—*Johnson v.
The State*, 94 Ala. 35.

It is next contended that there was no authority for sen-
tencing the defendant to hard labor for the county, that
under section 3733 of the Code, the defendant could be sen-
tenced to the penitentiary only. Section 3733 of the Code
and section 4492 have been judicially construed by this
court. The two sections are not consistent, and it was held,
for reasons stated which need not be repeated, that the latter
section controls. The very question has been adjudicated
more than once and is finally settled.—*Zanor v. The State*,
90 Ala. 651; *Gunter v. The State*, 83 Ala. 96. There is no
error in the record.

Affirmed.