# Hughes *v.* The State.

## *Indictment for Murder.*

1. *Homicide; trial and its incidents; summoning of special jury.* Where, on appeal, the record shows that an order was made by the trial court setting a day for the trial of the defendant, who was charged with murder, and that the sheriff was directed to summon additional jurors and to serve a copy of the indictment and a list of the regular and special jurors summoned, one entire day before the day set for trial, as provided by the statute (Code of 1886, §§ 4320, 4449; Code of 1896, §§ 5004, 5273), in the absence of any showing in the record to the contrary, it will be presumed, on appeal, that the sheriff discharged this duty.

2. *Same; same.*—Where a capital case is set for a designated day, but is not tried until several days thereafter, at which later date the

defendant appears in person and by attorney, and after pleading to the indictment, the trial was had without any objection on the part of the defendant, in the absence of any showing in the record, it will be presumed on appeal that the case was duly continued from the date set for trial until the day on which the trial was had, or that the defendant waived all irregularity or defect in the proceeding.

3. *Same; same; verdict and judgment; manslaughter.*—Where, on a trial under an indictment for murder, the jury rendered a verdict that they "find the defendant guilty of manslaughter in the first degree as charged in the indictment, and fix his penalty at ten years imprisonment in the penitentiary," and the judgment of the court, after reciting the verdict then continues, "It is therefore considered and adjudged by the court that the defendant is guilty as charged in the indictment," &c., and then immediately following is the sentence of the court, which is that the defendant is "hereby sentenced to imprisonment in the penitentiary for ten years from and after this date for said offense of manslaughter in the first degree, in pursuance of the verdict of the jury," it is sufficiently shown that the defendant was convicted and sentenced for manslaughter in the first degree, and such judgment and sentence is not subject to objection.

4. *Criminal law; charge as to evidence being equally balanced.*—In a criminal case, a charge which instructs the jury that "If the evidence is evenly balanced on any material question in the case, the jury should lean to the side of mercy, and decide that fact in favor of the defendant," is properly refused as being confusing, where there is evidence outside of that to which it relates, upon which the conviction could be founded.

5. *Homicide; fault in bringing on the difficulty.*—On a trial under an indictment for murder, even though the evidence shows that the deceased may have been at fault in bringing on the difficulty, if he withdrew from it in good faith and started in the opposite direction from the defendant, whereupon the defendant renewed the difficulty by his own actions, the defendant can not invoke the doctrine of self-defense, but will be treated as the aggressor *ab initio.*

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

The appellant was indicted and tried for the murder of one Thomas McKinley, was convicted of manslaughter in the first degree, and sentenced to the penitentiary for ten years. The facts pertaining to the rulings of the court as to setting a day for the trial, and as to the verdict, judgment and sentence rendered thereon, are sufficiently stated in the opinion.

Among the other charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, were the following: (25.) "The

[Hughes v. The State.]

court charges the jury that if the evidence is evenly balanced on any material fact in the case, they should lean to the side of mercy and decide that fact in favor of the defendant." (6.) "The court charges the jury that if they find from all the evidence in the case, that defendant, on hearing deceased cursing and calling his name, in a peaceable way and manner, without any intention of provoking a difficulty, walked to where Melton and King were, and in the same manner asked deceased in words as follows : 'Old pardner or partner, what are you cursing and calling my name for?' and this was all the jury find from the evidence that defendant did on that time and occasion, then the jury should find for the defendant on the issue as to who brought on the difficulty."

It is unnecessary to make a more detailed statement of the facts.

J. F. OSBORNE and INZER & GREENE, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State. Charge numbered 25, requested by the defendant, was properly refused, because it invades the province of the jury.—*Bain v. State*, 70 Ala. 4; *Hicks v. State*, 99 Ala. 169.

Charge numbered 6, requested by the defendant, was properly refused.—*Compton v. State*, 110 Ala. 25; *Prince v. State*, 100 Ala. 144; *Ramsey v. State*, 91 Ala. 29; *Murphy v. State*, 55 Ala. 252.

HARALSON, J.—1. The transcript shows that an order was made on the 14th October, 1897, setting the 20th October, 1897, during the next succeeding and second week of the term as the day of trial of defendant, and the sheriff was directed to summon 55 qualified citizens of the county, including those persons summoned on the regular juries for that week, and ordering him to serve a copy of the indictment and a list of the regular and special jurors summoned, one entire day before the day set for trial; all in substantial compliance with sections 4320 and 4449 of the Code of 1886, (Code of 1896, §§ 5004, 5273). The transcript is silent as to whether or not these orders of the court were executed by the sheriff. The cause appears to have been called,

[Hughes v. The State.] ·

and the case tried on the 23d of October, 1897, and no order of continuance of the case from the 20th to the 23d of that month appears. But, it does appear, that on the latter date the defendant appeared in person and by attorney; that he was duly arraigned and pleaded not guilty to the indictment and went to trial before a jury "duly elected, impanelled, sworn and charged according to law," without any objection on account of a non-compliance with said orders of the court, or on any other account. The presumptions are in favor of the sheriff having faithfully discharged his duty in these regards, and that the cause was duly continued from the day set to the one on which the trial was had, or that the defendant waived the defects he now, for the first time, raises against the regularity of the proceedings. *Spicer v. The State*, 69 Ala. 159; *Shelton v. The State*, 73 Ala. 5; *Clarke v. The State*, 78 Ala. 474; *Washington v. The State*, 81 Ala. 35; *Breden v. The State*, 88 Ala. 20.

2. The defendant was indicted for murder. The jury rendered a verdict in words, "guilty of manslaughter in the first degree, as charged in the indictment, and fix his penalty at ten years imprisonment in the penitentiary."

The judgment of the court was, after reciting the verdict, and immediately following it: "It is, therefore, considered and adjudged by the court, that the defendant is guilty as charged in the indictment, and that he be held in actual custody to await the sentence of the law and the judgment of the court to be pronounced upon him at a subsequent hour of the present term of this court." Immediately following this is the sentence of the court, beginning with the words, "The State of Alabama v. Rufus Hughes. Indictment and conviction for manslaughter in the first degree. On this, the 23d day of October, 1897, comes the State by its solicitor and the defendant," etc.,—followed by the proper recitals for sentence, and concluding: "It is, therefore, considered and adjudged by the court, that defendant be, and he is hereby sentenced to imprisonment in the penitentiary for ten years from and after this date for said offense of manslaughter in the first degree in pursuance of the verdict of the jury," etc.

It is suggested that the judgment of the court is erroneous in that it is adjudged "that the defendant is

guilty as charged in the indictment;" but the suggested error is without foundation. The indictment, verdict, judgment and sentence plainly enough show, that manslaughter in the first degree was the offense of which defendant was ascertained by the judgment to have been convicted and sentenced.—*Wilkinson v. The State*, 106 Ala. 23.

3. The 25th charge requested by defendant was properly refused. The only material fact to which it can refer is as to who was at fault in bringing on the difficulty. The evidence tends without conflict to show, that defendant had opportunity to escape with safety without in anywise subjecting himself to peril, and it tends to show also, that defendant renewed the difficulty after deceased had abandoned it. Such a charge is proper only, when there is no evidence outside of that to which it relates upon which they might convict. Its tendency, if given, would have been to confuse the jury.

4. The evidence tends to show that the deceased, after the rencounter between him and defendant and they were separated, retired and moved off in an opposite direction from defendant, evidencing a disposition not to renew, but to abandon the fight. It is well settled, that one may be at fault in bringing on a difficulty, but if he withdraws from it in good faith and is departing, and the other party pursues and renews it by his own fault, he can not invoke the doctrine of self-defense, but will be treated as an aggressor *ab initio.*—*Stillwell v. The State*, 107 Ala. 16. The 6th charge, if not faulty otherwise, ignores this phase of the evidence, without which it was erroneous.

5. In each of the remaining charges the duty of retreat, which the evidence tends to show that defendant might have safely made, is carefully ignored, which is sufficient to condemn them.

Affirmed.