# Webb *v.* The State.

*Indictment for Murder.*

1. *Trial and its incidents; sufficiency of verdict.*—On a trial under an indictment for murder. a verdict that "We, the jury, find the defendant *gulity* of murder in the first degree as charged in the indictment, and fix his punishment at death," is suffi-

cient to support a judgment of conviction and sentence of death; the word "gulity" being a self-corrective clerical error for "guilty."

2. *Organization of jury; presumption as to defendant being served with a copy of jurors as required by law.*—Where on an appeal from a judgment convicting the defendant for murder, the record shows that the defendant being in open court he was arraigned, and an order was made by the trial court setting a day for the trial and fixing the number of jurors to constitute the special venire, and the sheriff was directed to summon the number necessary and serve a copy of the lists of the regular and special jurors so summoned, together with a copy of the indictment, one entire day before the day set for the trial, as provided by the statutes, it will be presumed in the absence of any showing to the contrary in the record, that the sheriff discharged his duty and an objection raised for the first time in the appellate court that the record fails to show that any copy of the names of the jurors to try the defendant were served on him or his counsel as required by law, comes too late.

3. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where a witness for the State testified that the morning after the murder he saw the defendant, who acknowledged to him that he had killed the deceased, and who further testified that the defendant told him that he would write to him under an assumed name, and gave the witness a piece of paper, at the same time telling him if he received a letter with that name signed to it he would know who wrote it, it is competent for the witness, failing to find the paper in his pocket, to testify what name was written on the piece of paper.

4. *Same; same.*—On a trial under an indictment for murder, where it is shown that the deceased was killed by being shot with a shot gun, it is competent for a witness for the State to testify that on the morning of the day the murder was committed, the defendant undertook to borrow his gun; that he missed his gun from his house about the time of the murder, and it was afterwards returned to him by a person who had testified that he got it from the defendant.

APPEAL from City Court of Selma.

Tried before the Hon. J. W. MABRY.

The appellant in this case, Cicero Webb, was indicted and tried for the murder of Emma Webb, and was convicted of murder in first degree and sentenced to be hung.

[Webb v. The State.]

It was shown that the deceased, Emma Webb, was the wife of the defendant, and that she was killed at night about 9 o'clock. The facts of the case relating to the rulings of the trial court which are reviewed on present appeal, are sufficiently stated in the opinion.

H. F. REESE and H. L. TIBBITTS, for Appellant, cited Acts 1898-99, p. 75, § 10; *O'Neal v. McKinna,* 116 Ala. 606; Rice on Evid. § 93; *Mugg v. Adams,* 76 Texas, 448; *Young v. State,* 39 Ala. 357.

MASSEY WILSON, Attorney General for the State.— The court ordered the list of the jurors and a copy of the indictment to be served upon the defendant or his counsel. It is immaterial that the record does not show the order of the court was complied with. The presumption will be indulged that the order was complied with.—*Hughes v. State,* 117 Ala. 25.

The verdict of the jury was sufficient. The mere grammatical error of the misspelling of a word when the sense of the verdict is not affected is not ground for setting aside the verdict or reversing the judgment.— 22 Enc. Pl. & Pr. 899 and notes.

The sentence of the court is valid. The court may sentence a person to be hung on Monday as well as on Friday.—Code Sec. 5430.

It was unquestionably competent for the State to show preparation on the part of the defendant to commit the crime. Hence the testimony of Jack Evans to the effect that the defendant had undertaken to borrow his gun, etc., was clearly competent.—*Finch v. State,* 81 Ala. 41.

The oral testimony of Eddie Walker to the effect that the defendant told him he would write to him under the assumed name of G. W. Cunningham, was equally as primary as was the written memorandum containing the name. This testimony does not fall within any rule excusing the oral evidence until written evidence of the same fact is accounted for. The mere memorandum is not primary within that rule of evidence.—1 Green. Ev. (15th Ed.), § 90; *Anderson v. State,* 79 Ala. 5; *Smith v. Dinkelspeil,* 91 Ala. 528; Wharton Crim. Ed. (9th Ed), § 163.

HARALSON, J.—The verdict was, "We the jury find the defendant gulity of murder in the first degree as charged in the indictment and fix his punishment at death." The word *gulity* is a self-corrective clerical error for guilty, and will be so treated.—*Long v. State,* 84 Ala. 1; *Stewart v. State,* 137 Ala. 33; 22 Ency. Pl. & Pr. 899 *et seq.*

Objection is raised, that the transcript fails to show that any copy of the names of the jurors to try defendant was served on him or his counsel as required by law. The record does show, that the defendant appeared, on the day of the trial, in his own proper person and by attorney, and having been previously arraigned, pleaded not guilty, went to trial without objection to the jury, or that a list of them had not been served on him. It also shows, that the defendant being in open court, on the 20th March, 1903, an order was made that sixty jurors be allowed for the trial of defendant, and that, the 6th of April, thereafter, be set for his trial; and the number necessary, with the jurors summoned for the week, to make the number of sixty jurors, were duly and regularly drawn, and the sheriff was ordered, forthwith, to summon the persons whose names were so drawn, and serve a list of them, together with a list of the names of those summoned for the week, together with a copy of the indictment, on the defendant or his attorney of record. Whether this order was complied with, does not affirmatively appear of record, but no objection was raised below for any such lack of compliance with it by the sheriff. In the absence of a showing to the contrary, the presumptions are, that the sheriff discharged his duties, or that the defendant waived the defects, if they existed, which he now for the first time raises against the regularity of the proceedings.— *Hughes v. The State,* 117 Ala. 25, and authorities there cited.

The defendant, the next morning after the homicide, was seen by the witness for the State, E. Walker, to whom defendant confessed that he shot and killed his wife. He also testified that defendant told witness that he would write to him under the name of G. W. Cunningham, and gave witness a little piece of paper, and

said to him, if he got a letter with that name signed to it, he would know who wrote it. He also stated, that the paper ought to be in his pocket, but he could not find it, and it must be at his house. He was asked by the solicitor, "Do you know what was on that piece of paper?" The defendant objected on the ground that the paper was the best evidence, but his objection was overruled, and the witness answered, "G. W. Cunningham." This evidence was primary as was the written memorandum containing the name, and being collateral merely to the issue involved, it was competent for the witness to testify to its execution and contents without producing or accounting for its non-production.— *Smith v. Dinkelspeil,* 91 Ala. 528.

The testimony of Jack Evans to the effect that defendant, the morning of the day on which at night the homicide was committed, had undertaken to borrow his gun; that the gun was at witness' house, on the gun rack, just about dusk of that day; that he missed it about 9 o'clock that night, and that he afterwards found and identified it in the possession of a person who testified that he got it from the defendant, was clearly admissible, especially in connection with evidence tending to show that defendant had taken the gun from witness' house without his knowledge or consent.—*Finch v. State,* 81 Ala. 41.

We find no error in the record and the judgment and sentence of the court below must be affirmed.

Affirmed.