# Boyett *v.* The State.

*Manslaughter.*

(Decided June 19, 1913.   62 South. 984.)

1. *Indictment and Information; Formal Requisites; Signature.*— The failure of the solicitor to sign the indictment did not affect its validity where the indictment bore the endorsement, "a true bill," and was duly signed by the foreman of the grand jury.

2. *Same; Filing; Endorsement.*—Under section 7152, Code 1907, an endorsement on an indictment "filed this 7th day of September, 1910, B., Clerk.," was in literal compliance with the terms of the statute, and sufficient, although without the statement that the filing was done in open court, as the word "filed" as used in the statute means that it was filed in open court.

3. *Same.*—The provisions of section 7152, as to filing indictment are directory, and a failure of the clerk to make any such endorsement, would not render the indictment invalid.

4. *Appeal and Error; Review; Questions Raised Below.*—An objection to an indictment because it failed to show a proper endorsement by the clerk showing its filing in open court is not available on appeal where the objection was not raised by some method in the court below.

5. *Homicide; Evidence; Threats.*—Where there was at that time no evidence of any overt act on the part of deceased, or any attempt by him on the occasion of the homicide to execute a threat, it was proper to exclude a question as to whether deceased had said anything about defendant in a threatening way.

6. *Same; Former Difficulty; Details.*—Where the state, on cross-examination brought out the fact that the witness and the deceased had had a previous difficulty at which defendant was present, it was competent for defendant on redirect examination to bring out the details of the difficulty, the rule being that where one party introduces illegal evidence, his adversary may rebut it by testimony of the same nature and character.

APPEAL from Crenshaw Circuit Court.

Heard before HON. A. E. GAMBLE.

[Boyett v. The State.]

Hubb Boyett, alias, etc., was convicted of manslaughter in the first degree and he appeals. Reversed and remanded.

FRANK B. BRICKEN, and W. L. PARKS, for appellant. Defendant was a duly elected and qualified officer armed with a warrant for the arrest of deceased, and was attempting to execute the paper when it became necessary to kill deceased, and hence, there was no element of self defense, as the officer must do his duty and become the aggressor.—*Burt v. State,* 156 Ala. 37; *Dougherty v. State,* 106 Ala. 63; *Williams v. State,* 44 Ala. 41; *Hammond v. State,* 147 Ala. 88. It was not necessary then to show any overt act before the threats became admissible.—*Hammond v. State, supra.* The indictment was not properly filed and endorsed.—Section 7152, Code 1907; *Letcher v. State,* 159 Ala. 59; *Key v. State,* 82 Ala. 32. There being an invalid indictment, the affirmative charge should have been given. —*Collins v. State,* 88 Ala. 214.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in refusing the affirmative charge. The evidence was conflicting. The indictment was properly filed.—Code, Section 7152; *Moss v. State,* 35 Ala. 421, 425; *McKee v. State,* 82 Ala. 32, 37; *Stanley v. State,* 88 Ala. 154; *Cross v. State,* 117 Ala. 73; 52 Ala. 419; 49 Ala. 39; 52 Ala. 182. The judgment entry shows the names of eleven jurors sitting in defendant's case. The setting out of this venire in the judgment was not necessary, there being no question raised in the court below.—Code, Section 5256; *Tipton v. State,* 140 Ala. 39; *Hatch v. State,* 144 Ala. 50.

THOMAS, J.—The defendant was indicted for murder, and convicted of manslaughter in the first degree, and given a sentence of five years.

It appears that the indictment was not signed by the solicitor; but such is not essential to its validity. "An indictment receives its legal efficacy from the finding and return of the grand jury; and the legal evidence of its verity is the indorsement 'a true bill,' apparent upon some part of it, bearing the signature of the foreman." —*Joyner v. State,* 78 Ala. 449. Such an indorsement, duly signed by the foreman of the grand jury, appears on the indictment here.

Section 7152 of the Code requires that "all indictments must be presented to the court by the foreman of the grand jury, in the presence of at least eleven other jurors; must be indorsed 'Filed,' and the indorsement dated and signed by the clerk." The indictment in this case is indorsed: Filed, this 17th day of Sept., 1910. Mark L. Black, Clerk." The criticism is that it does not follow the usual formula, in that it omits the statement that the filing was done "in open court," and therefore for aught that appears, it may never have been returned "in open court," but may have been filed by the grand jury only with the clerk of the court. There are three answers to this, either one of which is fatal to the contention. In the first place the record does not show that the point was in any way raised in the court below, either by motion to strike or quash, or by demurrer or otherwise. If it had been there raised, the trial court could have had the clerk then make a proper indorsement, in accordance with the facts—if it be conceded that the indorsement here is not sufficient. —*Hubbard v. State,* 72 Ala. 164; *Wesley v. State,* 52 Ala. 182. We are of opinion, however, that the indorse-

ment is sufficient; for it is in literal compliance with the very terms of the statute, which only requires that it be indorsed "Filed," and the indorsement dated and signed by the clerk, all of which was done. The statute thus imports to the word "filed" the meaning that it was "filed in open court."—*Ex parte Winston,* 52 Ala. 419; *Cross v. State,* 117 Ala. 73, 23 South. 784. Lastly, if the clerk had not made the indorsement at all, it would not have vitiated the indictment, for the reason that the statute requiring the indorsement has been held by our Supreme Court to be merely directory, directing the clerk in the performance of a ministerial duty.—*Stanley v. State,* 88 Ala. 156, 7 South. 273. As said Brickell, C. J., "the only duty of the clerk in reference" to an indictment returned into court was "that which pertains to every paper, regularly introduced into court as a part of its record, the indorsement 'filed,' dated, and then signed in authentication of it. This mere ministerial act of authentication may, as in all other cases, be performed at any time while the case is in fieri, and it is in fieri until final judgment is rendered. It is the indorsement on an indictment 'A true bill,' signed by the foreman of the grand jury, which 'touches it principally and is the life of it.' When that indorsement is made, and it is returned into court, it is a valid accusation, and no subsequent clerical omissions" of the clerk "can render it invalid."—*Ex parte Winston,* 52 Ala. 419; *Mose v. State,* 35 Ala. 421, 425.

The court did not err in sustaining the objection by the state to the following question propounded by defendant on the cross-examination of the state's witness Austin: "Did you ever hear deceased say anything about defendant in a threatening way?" for the reason that at the time this question was asked there was no

evidence before the court of an overt act on the part of deceased, or an attempt by him, on the occasion when he was killed by defendant, to execute such threats, if any were made.—*Jones v. State,* 116 Ala. 468, 23 South. 135. There was no evidence of any such overt act until later during the progress of the trial, when defendant himself introduced the first testimony of it.

Arthur Brooks, as a witness for defendant, upon testifying to threats which he heard deceased make against defendant, was, on cross-examination, asked by the state if these threats testified to were made on the night when witness, "defendant, and a man by the name of Bryan, jumped on deceased and cut him with a knife." The witness answered, " We never did have any difficulty with him." The next question was, "You never did?" and the answer, " I did, but—" Then followed the question, "Wasn't defendant with you?" the answer being, "They were there." On redirect examination the defendant requested the witness to state the details of that difficulty. The state objected, the court sustained the objection, and declined to permit the explanation by the witness, and to this action the defendant duly excepted. In this the court was in error. It is well settled that while the particulars of a former difficulty are not legally admissible in the first instance, yet where one party has brought out, without objection, a part of the particulars, the other party has the right on cross or redirect examination to bring out all of such particulars. This is but an enforcement of the rule that where one party introduces illegal evidence, his adversary may rebut it by testimony of the same nature and character.—*Williams v. State,* 103 Ala. 33, 15 South. 662; *Longmire v. State,* 130 Ala. 66, 30 South. 413; *Kroell v. State,* 139 Ala. 1, 36 South. 1025; *Gordon v.*

*State,* 129 Ala. 113, 30 South. 30. The state had interrogated the witness in such a way, and drawn forth such answers as to the particulars of the former difficulty, as to leave unfavorable inferences, which the defendant had a right to rebut by calling for all the details. For this error, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.