(137 So. 315)

### FERGUSON v. STATE.

#### 7 Div. 728.

Court of Appeals of Alabama.

Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

492

W. T. Murphree, of Gadsden, and Frank B. Embry, of Pell City, for appellant.

Thomas E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The appellant was charged by indictment with the offense of murder in the first degree, the charge being that he unlawfully, and with malice aforethought, killed William J. Andrews, by shooting him with a gun or pistol, etc. The trial resulted in a conviction of murder in the second degree, and the jury fixed his punishment at imprisonment in the penitentiary for ten years. This appeal was taken from the judgment of conviction pronounced and entered in accordance with the verdict of the jury.

Insistence is made that the court erred in certain portions of the oral charge. Upon examination we find that the exceptions reserved in this connection are abortive and as a result cannot be considered. By reference to the record we find the purported exceptions to the court's oral charge were attempted to be reserved in the following manner. "Mr. Murphree: The defendant excepts to that part of the oral charge which says it was his duty to retreat from the barn." "Also that portion that it is the State's contention that he armed himself with a deadly weapon and went to the barn for the purpose of taking the life of William Andrews." These attempted exceptions do not meet the required rule, they being descriptive only, and not the reservation of an exception to a particular exactly designated statement of the judge. There is no rule of practice which allows an exception by description of a subject treated by the court in an oral charge to the jury. Friedman's Case, 187 Ala. 562, 65 So. 939; Reed v. State, 18 Ala. App. 371, 92 So. 513.

Appellant contends there was error in overruling his motion to quash the venire and copy of the indictment served upon him. The grounds of the motion were: "(1) Because the certificate attached to said venire and indictment is not certified by the clerk of said circuit court. (2) Because said certificate to said venire and copy of the indictment is signed Mack Davis, who is not the Clerk of said Circuit Court."

■ There are several reasons why the foregoing insistence cannot be sustained. In the first place there nowhere appears in the record the copy of the venire and copy of indictment with endorsements, served upon the defendant. In the absence of which this court will assume that the officers below performed their duty as the law requires, in the absence of any showing in the record. Hughes v. State, 117 Ala. 25, 23 So. 677. When error is urged upon appeal the insisting party is under the duty to affirmatively show error, and in this instance it was incumbent upon appellant to see that the record in his case was properly prepared so that this court, on appeal, could be apprised of the happenings in the lower court complained of. The record speaks for itself, and omissions and discrepancies therein cannot be supplied by a bill of exceptions. Moreover, there is nothing in the statute requiring specifically that the clerk of the court shall sign and certify the copy of the venire and copy of indictment served upon the defendant. It was not pretended that the defendant had been in any way deceived or misled by the list and copy of indictment which was furnished him. In the absence of any showing that such was the case, the objection urged is not sufficient ground for quashing the venire. Aiken v. State, 35 Ala. 399, 404. Furthermore, the making of the list and the copy of the indictment is clerical merely; and its service executive or ministerial. Kenan v. State, 73 Ala. 15. Aside from all this we are of the opinion that under the "agreed facts" shown by the bill of exceptions that Mack Davis, who did sign and certify the copy of the venire and indictment, was a de facto officer exercising the duties of his office under color of an election thereto, and as such his official acts were binding upon the parties in interest. Coe v. City of Dothan, 19 Ala. App. 33, 94 So. 186, and cases cited.

■ There is no merit in the insistence to the effect that error prevailed in that certain proceedings of the trial had in the absence of the defendant. It affirmatively appears that such irregularity as appeared in this connection was fully cured by the action of the court. It affirmatively appears that the defendant was present at every stage of the trial, and the Attorney General, representing the state in this court, is correct in the insistence: "It is clear, from the record, that the defendant was present in court when the order was made overruling his motion to quash the venire and a copy of the indictment. Giving the appellant the benefit of every doubt, as shown by the record, the only part of the proceedings that he missed was the discussion of the facts agreed upon by his counsel and the State Solicitor, which was a decision of the Supreme Court, of which the court took judicial knowledge."

We think it plainly appears that appellant was present in court throughout the time of his trial, and that he was denied no constitutional right. True, some preliminaries were entered upon, in the absence of defendant (appellant), but, as soon as this was discovered, he was brought into court, and the trial judge announced that he would "go over the whole thing again," which he proceeded to do.

■■ There was no error in refusing to allow the testimony offered as to threats made by deceased toward appellant. In the first place, to ask one, a witness, to testify as to what another "said" as to deceased having made threats against appellant, was calling for "hearsay" testimony any way. But at the time this testimony was offered there was no evidence before the court of an overt act on the part of deceased, or an attempt by him, on the occasion when he was killed by defendant, to execute such threats, if any were made. This was sufficient reason for rejecting the proffered testimony. Boyett v. State, 8 Ala. App. 93, 62 So. 984.

■ Where appellant's (defendant's) objection to a portion of the argument of the solicitor is sustained, and there is no motion made for a new trial, there is nothing, with regard to the objectionable argument, for us to review, even though it should be conceived that the court should have gone further, of its own motion, and specifically instructed the jury to disregard said argument.

The oral charge of the court was full, fair, and explicit. It covered, in connection with the given charges, every phase of the law applicable to this case, and fairly and substantially covered the charges refused to defendant. The record is regular and without error. No error appearing, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.

## On Rehearing.

The first submission in this case was had on January 15, 1931, and the court on March 24, 1931, rendered a judgment of affirmance. The record as first submitted did not contain the oral charge of the trial court. At the earnest solicitation of appellant's counsel, this court made an order on April 10, 1931, as follows: "April 10, 1931, opinion withdrawn. Cause restored to docket. Certiorari awarded and passed to call of 7th Div. Per Curiam."

494

In response to the certiorari, the clerk of the circuit court in which this case was originally tried sent up the oral charge of the trial court which was received and filed here on April 15, 1931. The cause was thereafter here "submitted on briefs" on May 28, 1931.

On August 4, 1931, the case was again affirmed, and application for rehearing was filed August 18, 1931. In said application for rehearing it is strenuously insisted that the exceptions reserved to the court's oral charge were properly taken and that reversible error prevailed in this connection. In the opinion last rendered in this court it was held that "these attempted exceptions [to the oral charge] do not meet the required rule, they being descriptive only, and not the reservation of an exception to a particular exactly designated statement of the judge." Referring again to the oral charge on page 7 of the amendment to the record as a result of the certiorari, we find that the exceptions to the oral charge were attempted as first stated in the opinion rendered, and were not reserved in the manner now insisted upon by counsel for appellant. As stated in the opinion, these attempted reservations of exceptions do not meet the required rule, and, as presented, we are without authority to consider them.

Application for rehearing overruled.