165 So. 263

## McCOY v. STATE.
### 6 Div. 776.

Court of Appeals of Alabama.
Jan. 14, 1936.

See, also, ante, p. 16, 165 So. 262.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

It appears from the record that the prosecution in this case was begun in the Jefferson county court of misdemeanors upon a purported affidavit and warrant wherein the offense attempted to be charged was a violation of section 4043 of the Code 1923, which section makes it unlawful for any person to present at another person, any gun, pistol, or other firearm, whether loaded or unloaded, etc.

From a conviction in the Jefferson county court of misdemeanors, the defendant appealed to the circuit court and was there tried by a jury upon the original affidavit; a statement by the circuit solicitor having been waived. His trial in the circuit court resulted in his being again convicted; his fine as fixed by the jury was $25. Having failed to pay the fine and costs, or to confess judgment therefor, the court sentenced the defendant to serve at hard labor for the county as the statute provides.

Before entering upon the trial in the circuit court, the defendant interposed a plea of misnomer, which plea was stricken upon motion of the state.

This action of the court is made one of the principal insistences of error on this appeal. There are numerous other insistences of error seeking a reversal of the judgment of conviction from which this appeal was taken.

None of these questions need be considered, as the affidavit upon which this prosecution rested was void and therefore will not support a conviction, and while this question is not raised by counsel for either party, this court on appeal is required to take the point ex mero motu. Thomas v. State, 166 Ala. 40, 52 So. 34.

As stated, this prosecution was for a violation of section 4043 of the Code 1923, supra. See, also, form (60). The offense is complete when any person unlawfully presents a gun or pistol at another person, but in order that the affidavit, or indictment, as the case may be, shall properly charge the offense, there must be the averment or allegation that the defendant unlawfully presented a gun or pistol at another person, and such person must of necessity be named in the affidavit or indictment. Following the form in the Code (form 60) would have been sufficient. That form is: "A. B. did unlawfully present a firearm at C. D. (towit)."

The affidavit in this case and upon which each of the trials aforesaid was had is totally defective and void for failing to allege the name of the person at whom the pistol was presented. Said affidavit reads, "did unlawfully present a firearm, towit: a pistol." The affidavit being void and of no legal effect conferred no jurisdiction upon either of the courts to try this case, and their judgments of conviction are without force and effect.

It affirmatively appearing that the statute of limitation having run as to this offense, this court will not do the useless thing of remanding the cause to the lower court.

The judgment of conviction from which this appeal was taken is annulled and held for naught, and, for the reasons stated, a judgment is here entered discharging appellant from further custody in this proceeding.

Reversed and rendered.