190 So. 99

**SMITH v. STATE.**

**7 Div. 422.**

Court of Appeals of Alabama.

June 20, 1939.

J. T. Smith was convicted of trespass after warning, and he appeals.

Savage & Savage, of Centre, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The transcript in this case was filed in this court on January 6, 1939. On January 12, 1939, the cause was passed to the call of the 2nd Division, and at the request of the Attorney General, representing the State, this court granted the request for a writ of certiorari directed to the clerk of the lower court to send up a true and correct copy of the proceedings in the county court, where the prosecution in this case originated, in order to show jurisdiction of the county court in said cause, and in the circuit court on appeal to try and determine this case. On March 23, 1939, no returns having been made by the clerk to the writ of certiorari, the cause was again passed to the call of the 1st Division, and certiorari was again awarded. On April 6, 1939, the cause was again passed to call of

3rd Division for the reason no return of the clerk to either of the writs of certiorari had been received. On April 21, 1939, the clerk of the circuit court made returns to the writ of certiorari, and on May 11, 1939, the cause was finally "submitted on briefs."

Upon examination of the record and the returns to the writ of certiorari we find this cause was originally tried without the prerequisite affidavit and warrant. So far as all this shows, the trial was had in the county court upon an oral complaint, which is not allowed under the law, hence the proceedings were void and of no effect; the court being without jurisdiction. In order to properly bring a charge of misdemeanor before the county court, the statute expressly provides that a party aggrieved or desiring to bring a charge of misdemeanor before the county court may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in said county by C. D. (naming the offender), etc. Section 3815, Code 1923.

The Constitution of Alabama 1901 provides in every case due process of law. The Declaration of Rights (Const. Sec. 5) forbids the issuance of a warrant of arrest without probable cause supported by oath or affirmation; and section 6 the right of the accused to demand the nature and cause of the accusation against him and to have a copy thereof. Among other things that section also provides that no person shall be deprived of life, liberty, or property, except by due process of law.

This want of an affidavit in writing, the initial step in the prosecution, goes to the jurisdiction of the court, and this court must take notice ex mero motu. Ethridge v. State, 26 Ala.App. 600, 601, 164 So. 397; Slater v. State, 230 Ala. 320, 322, 162 So. 130.

A complaint filed by the Solicitor in the circuit court on appeal from a conviction in the county court in such case will not suffice to give the circuit court jurisdiction. Slater v. State, 230 Ala. 320, 322, 162 So. 130. The circuit court not having acquired jurisdiction to try and determine this case, its purported judgment of conviction is coram non judice, hence void, and a void

574

judgment will not support an appeal. This appeal is accordingly dismissed, and an order is here entered discharging this appellant from further custody in this proceeding. Appellant discharged.

No necessity appears from what has been said, and the order hereinabove entered, to discuss the several points of decision appearing in connection with this appeal.

Reversed and rendered.