104 So.2d 764

## W. E. SPARKS

v.

## STATE.

**7 Div. 505.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Chas. Thomason, Anniston, for appellant.

**518**

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

CATES, Judge.

Sparks was arrested for possession of prohibited beverages, tried and convicted in the Calhoun County Court and again in the Circuit Court, the prosecution having begun with a purported affidavit and warrant reading:

"The State of Alabama
"Calhoun County

"Before me, J. B. Holman, Judge of Calhoun County Court, personally appeared ———— who, being duly sworn, deposes and says he has probable cause for believing, and does believe that in said State and County, and before making this affidavit W. E. Sparks did have in his possession beverages prohibited by law against the peace and dignity of the State of Alabama

"Sworn to and subscribed before me, this 6 day of April 1957.

"M. S. Nelson
"Clerk of Calhoun County Court

"The State of Alabama
"Calhoun County

"To Any Lawful Officer Of The State Of Alabama:

"You are hereby commanded to arrest W. E. Sparks and bring him before the Calhoun County Court, on the 12 day of April 1957 to answer to the State of Alabama on a charge of V. P. L. against the peace and dignity of the State of Alabama, preferred by ————.

"Witness my hand this 6 day of April, 1957.

"M. S. Nelson
"Clerk of Calhoun County Court"

■ This form is no affidavit at all—it could nowise support a charge of perjury, Sellers v. State, 162 Ala. 35, 50 So. 340. It has no affiant; it has two oath takers; it calls for subscription and is unsigned. It is void and hence the warrant falls, § 5, Constitution. An oral complaint will not do, Smith v. State, 28 Ala.App. 572, 190 So. 99.

■ Being still-born, amendment cannot breathe life into it as was possible in Champion v. State, ante, p. 10, 95 So.2d 803.

The statute of limitations having run and the proceeding being void ab initio, the appellant is due to be discharged. McCoy v. State, 27 Ala.App. 18, 165 So. 263; Smith v. State, supra; Slater v. State, 230 Ala. 320, 162 So. 130.

Reversed and rendered.