BOWEN, Judge.
Billy Wayne Kirkland was convicted for driving under the influence of alcohol in violation of Ala.Code 1975, § 32-5A-191(a)(2). He was fined $500.00 and court costs.
On December 31, 1987, Alabama State Trooper Fenton Jenkins stopped the automobile being driven by the defendant for traveling 81 m.p.h. in a 55 m.p.h. speed zone. At the scene, Trooper Jenkins arrested the defendant for speeding and for driving under the influence of alcohol. He transported the defendant to the Daphne Police Department and administered the In-toxilyzer 5000 breath test. The defendant’s blood-alcohol content measured .13%. The trooper then wrote the defendant a ticket for DUI.
I
The defendant argues that the Uniform Traffic Ticket and Complaint (“UTTC”) was fatally defective because it was not properly signed by the arresting officer.
Trooper Jenkins testified that when he wrote the ticket he incorrectly wrote “Baldwin” in the block for the complainant's signature. However, before he swore to the UTTC before the magistrate he “scratched out ‘Baldwin’ and wrote in [his] name before [he] swore to [his] tickets.” His standard procedure was to sign the ticket immediately before he swore to it in the magistrate’s office.
There is authority in this State which apparently supports the defendant’s contention that an unsigned traffic ticket is void. See Sellers v. State, 162 Ala. 35, 50 So. 340, 341 (1909) (“[I]t is essential to the validity of the affidavit that the name of the officer he disclosed either by the recitals in the body of the affidavit or by his signature to the jurat.”); Sparks v. State, 39 Ala.App. 517, 518, 104 So.2d 764 (1958) (An affidavit with no affiant, even though verified, is “no affidavit at all” and is void.). Sparks was followed in Ex parte Dison, 469 So.2d 662, 664-65 (Ala.1984).
In Nikolic v. State, 439 So.2d 828, 829 (Ala.Cr.App.1983), this Court held that a traffic ticket which was not signed by the arresting officer was void and invalid as an affidavit and arrest warrant. See also Alabama Municipal Judges Manual, p. 110 (Administrative Office of Courts 1986) (“If the arresting officer fails to sign the traffic ticket, the omission renders the printed form invalid as a complaint.” Citing Nikolic). See also City of Dothan v. Holloway, 501 So.2d 1136, 1164 and 1173 (Ala.1986) (Beatty, J., dissenting).
However, in City of Dothan v. Holloway, 501 So.2d 1136 (Ala.1986), the Alabama Supreme Court overruled Dison, supra, and held that the failure to have a ticket verified and signed by a magistrate is a matter of personal jurisdiction which is waived if proper objection is not interposed. Here, proper objection was made in both the district and circuit courts.
Ala. Const., art. I, § 6 (1901), provides “That in all criminal prosecutions, the accused has a right ...; to demand the nature and cause of the accusation; and to have a copy thereof; ...” Rule 19(A)(1), A.R.Jud.Admin., provides: “The complaint and summons used in all non-felony traffic cases shall be the ‘Uniform Traffic Ticket and Complaint.’” The UTTC “shall be used in all non-felony traffic cases in all courts of the state.” Rule 19(A)(2), A.R. Jud.Admin. See also Ala.Code 1975, § 12-14-8 and § 12-12-53. Rule 19(A)(5)(a) provides, in pertinent part: “Each law enforcement officer issuing a traffic ticket shall complete and sign the ticket, serve a copy of the completed ticket upon the defendant and, without unnecessary delay, normally within 48 hours, acknowledge under oath the facts alleged therein before the court or magistrate and file the court copies of the uniform traffic ticket and complaint with the court.”
*636 Here, the UTTC was properly signed before it was verified before the magistrate.
“While, where the constitutional or statutory provision makes no reference thereto, the form of the copy of the accusation is immaterial, provided accused’s substantial right to be apprised of the charge on which he stands trial is observed, a true copy must be served or furnished, and if there is a material variance between the copy and the original indictment, the service is insufficient and may be set aside. However, clerical errors or mere irregularities will be disregarded if they do not prejudice accused.” 23 C.J.S. Criminal Law § 946 at 766 (1961).
We hold that a defendant is not automatically entitled upon proper objection to have the UTTC dismissed upon a mere showing that the arresting officer failed to sign the defendant’s copy of the ticket where a properly signed ticket was verified by the magistrate. See Roan v. State, 225 Ala. 428, 431, 143 So. 454 (1932) (variance as to initials of grand jury foreman contained in original indictment and copy served on defendant held not substantial and not to invalidate proceedings); Ferguson v. State, 24 Ala.App. 491, 493, 137 So. 315, cert. denied, 223 Ala. 521, 137 So. 317 (1931) (“the making of the ... copy of the indictment is clerical merely, and its service executive or ministerial”); Whitfield v. State, 22 Ala.App. 556, 117 So. 761 (1928) (motion to quash properly denied where “substantial compliance” was had with the statutes relative to serving copy of indictment). See also Headley v. State, 51 Ala.App. 148, 151, 283 So.2d 458 (1973) (an accused may waive his right to a copy of the indictment in noncapital case).
Here, there is no contention that the defendant was deceived or misled by his unsigned copy of the UTTC. In the absence of such an allegation and proof, the motion to dismiss was properly denied.
II
Rule 19(A)(5) states, in effect, that the arresting officer shall give the motorist a copy of the completed and signed traffic ticket. Although the defendant’s copy of the ticket was not signed by the officer, the defendant has failed to demonstrate how this resulted in any prejudice in the preparation or defense of his case. We find such a failure to constitute harmless error. Rule 45, ARAP. See Part I.
III
In his pretrial motions to dismiss filed in both district court and circuit court, the defendant did not specifically object to his failure to be brought before a magistrate as required by Ala.Code 1975, § 32-1-4. Therefore, not only has that issue been waived, but such error does not automatically warrant the dismissal of the UTTC. Speers v. State, 545 So.2d 247 (Ala.Cr.App.1989).
IV
Trooper Jenkins testified that he arrested the defendant for speeding and DUI “on the side of the highway” before he took the defendant to the Daphne Police Department to administer the Intoxilyzer 5000 breath test. The fact that the trooper actually wrote the ticket after the results of the test had been obtained is of no legal significance. The testimony shows that the defendant was properly arrested before he was taken into custody and tested. See Hays v. City of Jacksonville, 518 So.2d 892 (Ala.Cr.App.1987).
Although the defendant argues that the trooper’s testimony is “simply not credible” and that he was only arrested for DUI after the test results confirmed the trooper’s suspicions, the credibility of witnesses is a question for the trier of fact and not for an appellate court. Mosley v. State, 461 So.2d 34, 36 (Ala.Cr.App.1984). “The evidence presented by the State is to be viewed in the most favorable light when deciding upon sufficiency of the evidence.” Ex parte Hinton, 548 So.2d 562 (Ala.1989).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.